Per Curiam.

The contract was made with the plaintiffs that they were to supply the Shermans with the goods, and on the best terms. Instead of supplying the goods themselves, the plaintiffs desire Dox, a merchant at Geneva, to supply the goods, and express no doubt that he would do it on the most liberal terms. The terms of Dox might have been very different from those of the plaintiffs, especially, as the plaintiffs resided in Albany, and traded on a large scale, and Dox lived far in the interior of the country, and obtained his goods on credit from the plaintiffs. Dox might not have had the means, nor the capital, to supply the goods on as good terms as the plaintiffs. The terms exacted by Dox might have been such as to injure the Shermans in their business and credit, and have led to a failure; whereas the terms of the plaintiffs might have been such as to have enabled the Shermans to have met them, and have saved their credit. The defendant might not have been willing to have ■been security for the Shermans, for goods purchased of Dox ; and it is sufficient for them that they made no such engagement. They were to be answerable for the goods to be furnished by the plaintiffs,- confiding in their ability and willingness to supply them on good terms. They made no engagement to be answerable for goods furnished by any other house; and, consequently, they are not answerable in this case. The case of Myers v. Edge, (7 Term Rep. 254.) is analogous, and the principles of it in point, though the circumstances were not, perhaps, so strong in favour of the surety. There was a promise;, in writing, directed to the trading house of A., B. .and C., to pay for goods to be furnished to D., and as the goods were furnished after A., one of the partners, had withdrawn from the partnership, the party, making the *185 promise was held not liable. A surety is not to be bound beyond the scope of his engagement.

A new trial ought, therefore, to be awarded, with costs to abide the event of the suit.

New trial granted.