WILLIAM G. WARD, Appellant, *v.* WILLIAM STAHL et al., Respondents.

The liability of a surety is limited to the express terms of the contract; his obligation, so far as warranted by the terms employed, should be construed strictly and favorably to him.

One McI., having been appointed collector of the village of E., gave a bond to plaintiff, its treasurer, with defendants as his sureties, conditioned that he "shall well and truly collect the tax which may be delivered to him, and faithfully discharge his duties as such collector, * * * and pay over moneys which he shall receive for taxes as such collector." In an action upon the bond, *held*, that defendants were not liable for the failure of the collector to pay over State, county and town taxes levied upon those portions of the town included in the corporate limits and collected by him; that the taxes intended and covered by the bond were such as the village authorities had a right to impose for village purposes on the whole village; that while by the charter of the village (chap. 674, Laws of 1870) all of the taxes upon property within the corporate limits are to be collected by the village treasurer, those assessed upon the towns were not assessed upon the village, and defendants' obligation did not include them.

(Argued June 3, 1880 ; decided June 15, 1880.)

APPEAL from order of the General Term of the Supreme Court, in the second judicial department, reversing an interlocutory judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term, and granting a new trial.

This action was brought upon a bond given by Alexander J. McIlhargy upon his appointment as collector of the village of Edgewater to plaintiff, the treasurer of that village.

The material portion of the bond is set forth in the opinion.

The court found that the village tax was collected by McIlhargy and duly accounted for to plaintiff, but that a tax roll and warrant was issued to plaintiff as such treasurer by the board of supervisors of Richmond county for the collection of State, town and county taxes assessed upon that portion of the town of Middletown, in said county, which is included in the limits of said village, and was placed, by plaintiff, in the hands of McIlhargy for collection; that he collected the same but has failed to account and pay over.

*William G. Wilson* for appellant. McIlhargy having been appointed collector generally to assist the treasurer, defendants are liable for all the taxes collected by him and not paid over, village as well as town. (Laws 1866, chap. 214, tit. 1, §§ 1, 3; Laws 1870, chap. 674, tit. 7, §§ 3, 7.) Effect is to be given to the intention of the parties, as learned from the language of the contract, in the light of the circumstances under which and the purpose for which it was made. (*Supervisors* v. *Dorr*, 1 Den. 268; *Ludlow* v. *Simonds*, 2 Cai. Cas. 1.)

*Tompkins Westervelt* for respondents. In a surety bond the language of the recital controls the condition. (*Tradesman's Bank* v. *Woodward*, 1 Anth. N. P. 300.) The liability of sureties is limited to the express terms of the contract. (*Ludlow* v. *Simonds*, 2 Cai. Cas. 1; id. 29–30; *Robins* v. *Bingham*, 4 Johns. 476; *Walsh* v. *Baillie*, 10 id. 180–183; *Penoyer* v. *Watson*, 16 id. 100–102.) The obligation of a surety is always to be strictly construed, and favor extended to the surety as far as the court has power to do so. (*Supervisors of Albany* v. *Dorr*, 2 Den. 268; *Ludlow* v. *Simonds*, 2 Cai. Cas. 1.) The only tax "levied or assessed upon the village of Edgewater" was the village tax assessed and

levied by the village assessors and trustees. (Chap. 674, Laws of 1870, tit. 6, and tit. 12, § 1.)

MILLER, J. The bond upon which this action is brought states that the plaintiff has been appointed treasurer of the village of Edgewater, and that he has appointed one McIlhargy, "of said village, collector, to collect the taxes to be levied and assessed upon said village," and contains a condition that if "McIlhargy shall well and truly collect the tax which may be delivered to him, and faithfully discharge his duties as such collector and pay over * * * all moneys which he shall receive for taxes as such collector, and render a true and faithful account," etc., the obligation shall be void.

The appointment being to collect taxes levied and assessed upon the village, the question to be determined is, whether the failure of the collector to pay State, town and county taxes collected, which the supervisors of the county had levied upon the towns of Middletown and Southfield, portions of which towns were included within the corporate limits of the village of Edgewater, were included within the terms of the bond.

The liability of a surety is limited to the express terms of the contract, and his obligation should be construed strictly and favorably to the surety so far as is warranted by the terms employed. (*Ludlow* v. *Simond*, 2 Cai. Cas. 1.) Although, properly speaking, the village cannot be assessed for taxes, and the assessment must be made upon the property or inhabitants within its limits, the fair interpretation of the language employed would seem to imply that the taxes intended were such as the village authorities had a right to impose for village purposes and against the entire village. The property within its boundaries was liable to assessment for village, county and State purposes, and all was to be collected by the village treasurer according to the provisions of its charter. (S. L. of 1870, chap. 674, tit. 7, §§ 3, 7.) But those which were assessed upon the towns of Middletown and Southfield were not assessed upon the village of Edgewater as such village. It only included a portion of each of those towns, and hence

the collector of the village was only authorized to collect a portion of the taxes of such towns. The taxes to be levied for each did not cover or include the whole property of the village, and therefore there is no valid ground for claiming that they were taxes assessed and to be levied upon the whole village. In fact the warrant for the taxes in each of the towns was, to all intents and purposes, for taxes against town property, and not the property of the village, although such town property was within the precincts of the village. The defendants' contract was, therefore, for the collection of village taxes, and not for the taxes of such portions of the towns as constituted parts of the village, and to extend it beyond this would be enlarging its plain import.

These views dispose of the case, and there are no facts which so far bear upon the construction of the bond as to authorize a deviation from the apparent meaning of the obligation.

It cannot be claimed, upon any sound principle, that no distinction is to be drawn between the village and the town taxes, and that all of them are to be considered as embraced within the meaning of the phraseology employed. Nor does the fact that there is only one treasurer upon whom the duty devolves of collecting the taxes of all descriptions, authorize a construction not warranted by the terms of the instrument. The surrounding circumstances connected with the execution of the bond are not of such a character as to enlarge its operation and authorize a construction different from the terms and purport of the instrument itself. Having in view the rules of interpretation applicable to the construction of obligations of this character, we are of opinion that the judgment of the General Term was right and should be affirmed, and judgment absolute ordered for the defendants, with costs.

All concur.

Order affirmed and judgment accordingly.