JOHN L. SUTHERLAND, Executor, and FRANCES SUTH-
ERLAND CLARK, Executrix, etc., of LOT C. CLARK,
Deceased, Respondents, *v.* LAUREN C. WOODRUFF,
Appellant.

*Guaranty — construction of it — when parol evidence is admissible to show that the claim sued upon is not included within it — when an action lies upon it — Usury.*

This action was brought upon an alleged guaranty by the defendant of the payment of certain bonds and coupons purchased by the plaintiffs testator. The guaranty was as follows: " Whereas, I have this day agreed with Lot C. Clark (the plaintiffs' testator) to purchase upon the most favorable terms for our joint account, fifty thousand dollars of the bonds of  *  *  *.  Now, for and in consideration of one dollar to me in hand paid, I do hereby guaranty the collection and punctual payment of the said bonds and the coupons thereon, and do further agree to hold said Clark harmless against all loss arising from the same."

*Held,* that the court erred in refusing to allow the defendant to testify that neither the bonds in suit nor any others had ever been purchased by him upon the joint account of the testator and himself.

That it was not usury *per se* to buy obligations at a discount upon a guaranty for their payment in full.

A guaranty recited the transfer of certain bonds to the purchaser and provided that the party executing it thereby guaranteed "the payment of the principal and interest of the same as they mature."

*Held,* that the guaranty was of the payment of the bonds and coupons as each matured, and that the plaintiff was not required to wait until the bonds matured before bringing an action to recover the amount of the unpaid coupons.

APPEAL from a judgment in favor of the plaintiff, entered upon a verdict directed by the court upon the trial of this action at the circuit.

*F. J. Fithian* and *A. J. Vanderpoel,* for the appellant.

*S. P. Nash,* for the respondents.

BRADY, J.:

This action was brought to recover the coupons upon $46,500 of the bonds of the Erie and Genesee Valley Railroad Company, which had been transferred, it was alleged, by the defendant to Lot C. Clark, the plaintiff's testator.

A recovery was allowed on the coupons of $45,000 only of the bonds.

There were two instruments of guaranty. The first was dated July 22, 1871, and is as follows:

"*Whereas,* I have this day agreed with Lot C. Clark to purchase upon the most favorable terms, for our joint account, fifty thousand dollars of the bonds of the Erie and Genesee Valley Railroad, which said bonds bear gold interest at the rate of seven per cent per annum, payable semi-annually, and the principal payable in gold.

"Now, for and in consideration of one dollar to me in hand paid, I do hereby guaranty the collection and punctual payment of the said bonds and the coupons thereon, and do further agree to hold said Clark harmless against all loss arising from the same.,

"Dated NEW YORK, *July* 22, 1871.

{ 3 cent Rev. Stamp }
{ canceled. }          (Signed)      "L. C. WOODRUFF."

The second was for $20,000 of similar bonds, and is as follows:
"For value received I have this day transferred to Lot C. Clark
twenty thousand dollars of the bonds of the Erie and Genesee Val-
ley Railroad, Nos. 21, 22, 19, 20, 18, 17, 16, 15, 14, 13, 12, 11, 10,
9, 8, 7, of $1,000 each, and 105, 100, $500 each; Nos. 4, 5, 6, of
$1,000 each. Now I do hereby guaranty the payment of the prin-
cipal and interest of the same as they mature.

"BUFFALO, *July* 24, 1873.

(Signed)    "L. C. WOODRUFF."

Mr. Clark died on the 11th of February, 1880, and after his
death the plaintiff, as his executor, called upon the defendant to pay
the coupons which had matured. This was not done, and in conse-
quence this action was brought to recover the amounts alleged to
be due, under the circumstances disclosed.

Upon the trial, when the plaintiff rested, the counsel for the
defendant moved that the complaint be dismissed as to the first
cause of action, namely, that which related to the purchase of
$50,000 of the bonds on joint account, upon the ground that the
plaintiff had given no evidence to show that the bonds had ever
been purchased by the defendant, or received or held by the plain-
tiff's testator, in pursuance of or in accordance with the terms and
conditions specified in the guaranty set forth in that cause of action,
but, on the contrary, that the evidence showed that the guaranty
did not extend to or include the bonds or interest of the coupons
described in the first cause of action, because they were not pur-
chased or held on joint account but purchased and held as the sole
and individual property of the plaintiff's testator and were not
within the terms of the guaranty. This motion was denied and the
defendants duly excepted.

During the progress of the defense the defendant was called as a
witness and was asked in reference to the first guaranty this ques-
tion: That guaranty recites that you guaranteed certain bonds to be
purchased by you on joint account for Mr. Lot C. Clark; did you
ever purchase any bonds on joint account for Mr. Lot C. Clark?
This question was objected to, not on the ground that it related
to a transaction with a deceased person but upon the ground that
the obligations of the parties were to be determined by the papers.

He was then asked the following question: Did you purchase these bonds on joint account, or any of the bonds mentioned in this suit on joint account, between you and Mr. Lot C. Clark? The same objection was made to this question, and it was distinguished by the same ruling and exception.

It will have been perceived that the guaranty was in connection with the recital of an agreement, executory in its character, and in which the defendant declared that he had that day agreed with Mr. Clark to purchase upon the most favorable terms for joint account $50,000 of the bonds of the railroad mentioned, and in consideration of one dollar in hand paid had agreed to guaranty the collection and punctual payment of the said bonds and the coupons thereon; that is to say, the bonds and coupons to be purchased under the agreement to which the guaranty related.

It is a well settled rule that guaranties are to be construed strictly. A multitude of cases can be arrayed in illustration of this rule, and the defendant had a right, therefore, if he could do so, to show that the purchase, to which the guaranty related, and in contemplation of which it was made, never occurred; in other words, that his undertaking to purchase $50,000 worth of bonds referred to in the contract of guaranty was never consummated; and if it were not, then *prima facie* the guaranty had no application. It is a familiar rule that sureties can only be charged when the case is brought within the very terms of the contract (*Birck-head* v. *George*, 5 Hill, 635), and that the obligation of sureties is not to be extended, by construction, to embrace purposes and objects not contemplated by the parties. (*McCluskey* v. *Cromwell*, 11 N. Y., 598, *per* CHURCH, Ch. J.; *People* v. *Chalmers*, 60 id., 158.) So it is equally well settled that where any agreement or guaranty of suretyship is accompanied by a recital containing words of limitation or description as to time, the words of limitation in the recital are to control, any general or unlimited language in the obligation or condition of the writing to the contrary notwithstanding. (Brant on Suretyship, § 138, and authorities cited; *Ward* v. *Stahl*, 81 N. Y., 406.) It may be, and doubtless the jury would have so said if the issue had gone to them for determination, that there was evidence sufficient to justify the conclusion that bonds were in fact delivered in performance of the contract of purchase, and it

may be that there is evidence enough to warrant this court in declaring such a result.    But the defendant had a right to present that phase of his case, because it was material upon the question of whether the guaranty itself was applicable to any of the bonds. If the defendant failed to carry out the agreement to purchase the bonds which he agreed to make, and damages had resulted to the plaintiff's testator from a failure to perform his obligations in that respect, and the agreement was founded upon a sufficient consideration, he had a legal remedy which he might have pursued.    But we are now dealing with the responsibility arising upon a contract of guaranty in reference to the first cause of action, and which may be considered and disposed of by the rules of law applicable to such instruments.

The exclusion of the questions detailed was, under the circumstances, therefore an error, requiring a reversal of the judgment so far as any recovery was had upon the first cause of action.

There seems to be no doubt as to the right of the plaintiff to recover upon the guaranty which forms the subject of the second cause of action.    The defendant's proposition is, that no action can be maintained upon it until the maturity of the bonds specified, which would not be until 1886.    This may be an ingenious, but it is an unsuccessful construction of the contract.    The guaranty is of the principal and interest of the same, as they mature; that is, the payment of the principal and interest as either and both mature.    The interest is guaranteed when it becomes due, and the principal when it becomes due.    It does not seem to be capable of any other interpretation.

The proposition that the payment of the interest was not guaranteed until the principal matured would be at variance with all rules of construction, and with the clear intention of the contracting parties.

There is no evidence in this case, from which a conclusion can be fairly drawn, that in the transactions which resulted in the guaranties, there was a loan contemplated, and that the contracts relied upon were resorted to for the purpose of covering a usurious transaction nor is there any evidence of any intention to evade the statute in reference to usury.

There is nothing, in other words, to justify the conclusions that

the investments were mere covers for a loan. It is not usury *per se* to buy obligations at a discount upon a guaranty for their payment in full. (*Rapelye* v. *Anderson*, 4 Hill, 472.) Although the recovery, upon the authority of that case, must be limited to the amount actually expended.

The result of the consideration of the appeal in this case is, therefore, that there must be a new trial, unless the plaintiffs waive the recovery under the first cause of action, in which case it may be affirmed as to the balance. If the waiver be not made then the judgment is reversed and a new trial ordered.

DAVIS, P. J., and DANIELS, J., concurred.

Judgment reversed and new trial ordered, unless plaintiff shall waive the recovery under the first cause of action, in which case judgment affirmed for the balance.