Daniels, J.
The action i—The s upon a guaranty executed and delivered to the plaintiff by De Mill & Co., by which they agreed with him:
“In consideration of your having purchased, upon my •representation as to their value, forty shares of the capital stock of the Albemarle Swamp Land Company, and of one dollar to me in hand paid, I do hereby guarantee that you shall receive, as long as you hold said stock, dividends equal to seven per cent per annum, or I will make good to you all deficit from such account.
“DE MILL & CO.
“New York, August 21, 1871.”
The company failed to pay dividends upon the stock, and an action was previously brought to recover such dividends as should have been paid and were within the agreement contained in the guaranty, and had accrued during the lifetime of the survivor of the firm of De Mill & Co. In that action a recovery was held to be legal for the seven per cent mentioned in the guaranty against the executors of this surviving member of the firm. But the decision then made does not control this controversy, for the dividends forming this cause of action accrued and became payable after the decease of the surviving member of the firm, and the court at the trial, considering the guaranty to be a personal contract and obligation, directed the verdict in favor of the defendants. And whether this direction, for this or any other reason, was legally right, is the only point now required to be decided for the disposition of the appeal.'
The obligations of the guarantors are to be determined by the language employed in the written guaranty. 1 And as ’ the persons subscribing it were sureties for the company whose stock was sold, their agreement is to be strictly construed, or in other words, it is not to be extended by a construction carrying it beyond the language made use of in it, and the clear, or reasonable, implications arising out of the same. Walsh v. Bailie, 10 John. 180; Miller v. Stewart, 9 Wheaton, 681; United States v. Boyd, 15 Peters, 187.
Under this rule, considering at the same time the language of the guaranty, the point arises whether the persons executing it intended to obligate themselves to pay the dividends which the company should fail to pay upon the stock beyond the periods of their own lives or the life of the survivor, for in contracts of guaranty and suretyship the intention of the parties, as it may. be disclosed by the language employed, is to govern the éxtént of the liability. *491 By one clause contained in this guaranty, if that stood alone by itself, the design would be indicated of securing to the plaintiff the advantage of the agreement as long as he should hold the stock purchased by him, but the next succeeding and concluding clause of the guaranty restrains the obligation intended to be assumed by the guarantors, for the payment or payments to be made by them. For according to this language, if the plaintiff failed to receive or secure the dividends, all that the guarantors agreed to do was personally to make good to him all deficit from such amount.
They and they alone, were the persons, who agreed to make the payments, and from that circumstance it is to be assumed that they did not intend to extend the obligations of the guaranty beyond their own lives or the life of the survivor of the two. A contract somewhat similar in principle to this was considered in Dickinson v. Calahan (7 Harris [Penn.], 227). • That was a contract for the delivery of lumber, which the court held to be personal and not to impose any legal obligation for its performance after the decease of the person making it. In Blands Admr. v. Ulmstead (11 id., 316), the same principle was followed, and so it was in Quains Appeal (10 id., 570), where it was held that the liability to pay a ground rent was personal, and did not extend beyond the life of the convenator and this was followed in Williams Appeal (47 Pa., 283). A point more nearly connected with the present controversy was examined in Harriss v. Fawcett (Law R., 15 Eq. Oases, 311), in which the conclusion was reached that the guarantor, or surety, was not liable after his own decease, for advances made to the principal debtor, and this was affirmed in L. R., 8 Oh. Appeals, 866. The subject was very fully considered in these cases and the liability of the guarantor deemed to terminate with his decease, especially as knowledge of that fact, had been acquired by the creditor. A similar decision was made in Coulthart v. Clementson (L. R., 5 Queens Bench Div., 42). The subject was also examined in Hauck v. Craighead (67 N. Y., 433), where the liability of the representatives of a deceased surety was considered by the court, and very strong language was made use of declaratory of what was deemed to be the legal rule applicable to such a case. For it was there said: “If Pike was a mere surety for Harrison then by the death of the surety his estate was absolutely discharged from all liability upon the joint obligation both at law and in equity, and no action could be maintained against his representatives either severally or jointly with Harrison.” Id., 436. And as much as that was also said in Risley v. Brown (id., 160).
• This case, in its controlling aspects, differs from those of Bradley v. Burwell (3 Denio, 61), Green v. Young (8 Greenl. *492 [Me.], 14), and White's Exrs. v. Com. (39 Penn., 167), and the others relied upon in support of the appeal. For by the terms of the obligations themselves, then disposed of, the liability was extended over a fixed period without any qualification reducing it. And being fixed in this manner, the only authority the courts had was to carry the liability into effect, as it was made by the parties. This was also the nature of the obligation in Lloyds v. Harper (Law Reports, 16 Ch. Div., 290), where the liability of the surety was extended over the full period during which his son should continue to be an underwriting member of the association. They differ from the present case in the circumstance that what was to be done under the guaranty was to be done by the guarantors themselves, and for only periodically recurring liabilities. The contract was personal by the clear implication of the language made use of in framing the guaranty. And having been made in this manner, as the liability of the guarantor is not to be extended. by construction, no case was made out for the recovery of the dividends forming the present right of action. While the decisions made are not altogether harmonious, they preponderated in favor of this result.
Other points have been made in support of the appeal, chiefly, however, relating to the effect of the preceding litigation between these parties. They do not require to be considered as long as the executors are not liable to make the payments now claimed from them, according to the terms of this guaranty.
The judgment appears to be legally sustained, and it should be affirmed.