Decree reversed, without costs, and petition dismissed.

---

AMERICAN CASUALTY INSURANCE COMPANY OF ONEONTA, NEW YORK, Appellant, *v.* GEORGE E. GREEN, Respondent.

*Surety on the bond of an insurance agent — what modification of the contract between the company and its agent discharges the surety.*

A contract between an insurance company and one of its agents provided that the agent should pay all the expenses and claims of his district and, in addition thereto, pay to the company ten per cent of the gross premiums collected in the district. Pursuant to the terms of the contract, the agent furnished a bond conditioned that he should well and truly perform the terms of the contract, which bond was executed by a surety who had knowledge of the terms of such contract. After the delivery of the bond to the insurance company, the insurance company and the agent, without the knowledge or consent of the surety, made an agreement whereby the agent was to deduct ten dollars weekly from the receipts as a living fund and the insurance company was to pay from the home office sick claims, doctors' bills and rent and the agent was to remit to the insurance company all collections, less commissions due to sub-agents and the ten dollars weekly for living purposes.

*Held,* that the alteration of the arrangement between the insurance company and the agent operated to release the surety from any liability upon the bond.

APPEAL by the plaintiff, American Casualty Insurance Company of Oneonta, New York, from a judgment of the Supreme Court in

favor of the defendant, entered in the office of the clerk of the county of Broome on the 20th day of February, 1901, upon the report of a referee dismissing the complaint upon the merits.

*T. B. Merchant* and *L. M. Merchant*, for the appellant.

*James T. Rogers*, for the respondent.

SMITH, J.:

We entirely agree with the conclusions of the learned referee, and with the reasons assigned therefor in his opinion.* We would add thereto only a single word. Appellant strenuously contends that

---

\* The following is the opinion of the referee:

W. M. HAND, Referee:

This action is brought to recover of the defendant the sum of $200, upon a certain bond executed by defendant as surety for one Charles E. Frazier, and hereafter fully referred to.

The plaintiff is a domestic corporation having its principal office at Oneonta, N. Y., and for some years has been engaged in issuing policies of insurance of the character of sick benefits on payment of small weekly or monthly premiums.

Prior to June, 1898, one Charles E. Frazier had been the agent at Binghamton, N. Y., for the American Sick Benefit and Accident Association of New York in a similar character of insurance to that transacted by the plaintiff. The former company having been prohibited by the Insurance Department from transacting business in this State, Frazier, who had a large list of policyholders in that company, made arrangements with plaintiff by which he was to transfer that business to plaintiff, take charge of plaintiff's business in Binghamton and vicinity, solicit insurance, collect premiums and transmit the same (less commissions of sub-agents) to plaintiff, in consideration of which Frazier was to receive a salary of fifteen dollars per week and plaintiff was to pay all expenses of the business.

Frazier entered upon his work under this arrangement about June 20, 1898, and continued to act under the same until early in September of the same year, during which period the net loss to plaintiff through Frazier's agency was sixty-nine dollars and sixty-two cents.

On or about August 16, 1898, plaintiff and Frazier entered into a new agreement, in writing, by which Frazier was to act as plaintiff's agent and agreed to pay all expenses and claims of the Binghamton district and in addition pay to plaintiff ten per cent of the gross premiums collected in said district on account of policies issued by plaintiff. The said contract further provided that it should not go into effect or force, nor be binding upon either party, until Frazier furnished plaintiff a bond for $200, with an acceptable surety.

For the purpose of fulfilling the requirements of the contract with reference to a bond, Charles E. Frazier, as principal, and the defendant, as surety, on or about September 2, 1898, executed a bond to plaintiff in the sum of $200, conditioned that if said Charles E. Frazier should well and truly perform and carry out the

the agreement of September seventh in no way altered the liability of the parties to the contract of August sixteenth; that the agreement of the plaintiff to pay all expenses to be repaid by Frazier in no way extended the liability of Frazier, who was using plaintiff only as a medium of payment, and that the agreement that Frazier might in all events retain from the moneys collected ten dollars a week for his living may be regarded as an agreement for a loan for which plaintiff does not claim to hold this defendant. Granting for the argument the construction contended for, the agreement of August sixteenth was by the contract of September seventh altered

agreement referred to (that of August 16, 1898), then the obligation to be void and of no effect, otherwise to remain in full force and virtue.

Before executing the bond defendant had knowledge of the terms of the written agreement thereby guaranteed.

After execution the bond was delivered to Frazier, who, on or about September 7, 1898, took the same to Oneonta and delivered the same to plaintiff.

On the same day, and while at Oneonta, it was agreed between Frazier and M. G. Keenan, secretary of plaintiff, the same person who executed the agreement on behalf of plaintiff and with whom Frazier had had the preliminary negotiations, whereby Frazier was to deduct ten dollars weekly from the receipts as a living fund and the plaintiff was to pay from the home office sick claims, doctors' bills and rent, and Frazier was to remit to plaintiff all collections, less commissions due to sub-agents and the ten dollars weekly agreed to be retained by Frazier for living purposes.

Under this latter arrangement the business of plaintiff was conducted by Frazier from that date up to January 9, 1899, and all remittances made by Frazier to plaintiff were applied by plaintiff upon the advances made by plaintiff for sick claims, doctors' bills, rent and the ten dollars allowed to be retained weekly for living purposes.

It will be observed that under this arrangement the business between plaintiff and Frazier was conducted in a manner very materially different from that contemplated by the original contract; in fact, the written agreement was not observed in any particular.

It was the performance of the written contract of August 16, 1898, and not the new agreement of September seventh, which this defendant guaranteed to the amount specified in his bond, and to recover upon which this action is brought.

Neither Frazier nor plaintiff had the power to change the contract without defendant's consent (and it is conceded that the above-stated changes were made without the knowledge or consent of defendant) and still preserve the liability of defendant on his bond.

It will be further observed that the giving of this bond was, by the terms of the agreement between Frazier and plaintiff, a condition precedent to the contract becoming of force; and, on the very occasion of the delivery of the bond, the new agreement was made so that the agreement guaranteed by defendant did

to include plaintiff's covenant to advance to Frazier moneys necessary to pay expenses and to loan to him ten dollars a week whether earned or not. Such an alteration is, in my judgment, material, and prejudicial to the interest of the surety, and when made without the knowledge of the surety must effect his release. Defendant might well have argued when assuming his obligation that unless Frazier's profits were sufficient to pay his expenses, the ten per cent due to plaintiff and reserve to him a substantial income he must soon surrender before an extended liability was incurred, and might further have considered that his need of a net profit to secure his living would be such an incentive to him to work up his business as to make more probable his success. The mere fact that credit was given and a loan made to Frazier not contemplated by the August agreement would probably be immaterial. The insertion, however, into the contract guaranteed of a covenant on plaintiff's part to give

---

not, in fact, become operative, which, in my opinion, entirely absolved defendant from liability on his bond.

By the original agreement Frazier was bound to pay sick claims, doctors' bills, rent, and find his living expenses from the surplus remaining after remitting to plaintiff ten per cent of the gross weekly collections; by the new agreement all of these payments were voluntarily assumed and agreed to be paid by plaintiff, and Frazier thus became the debtor from week to week in a manner not in the contemplation of the parties at the time the original contract was made and the bond in suit was executed by defendant and in an amount many times in excess of the ten per cent, which only was to be remitted to plaintiff under the original contract.

In my opinion this was such a change in the agreement of August 16, 1898, between plaintiff and Frazier, as to absolutely release defendant from liability as surety on the bond given in pursuance of that agreement. It is not for the court to inquire as to the effect of the changed agreement on the surety, or whether or not it operated to his injury; the guaranty is of a certain specified agreement and not of one in any particular different, and, if changed by the parties without the assent of the surety, the surety is thereby absolutely released from liability. (*Ludlow* v. *Simond*, 2 Caines Cas. 1; *Walsh* v. *Bailie*, 10 Johns. 180; *Grant* v. *Smith*, 46 N. Y. 93; *Paine* v. *Jones*, 76 id. 274; *National Mechanics' Banking Assn.* v. *Conkling*, 90 id. 116; *John Hancock Mutual Life Ins. Co.* v. *Lowenberg*, 120 id. 44; *Page* v. *Krekey*, 137 id. 307; *Livingston* v. *Moore*, 15 App. Div. 15.)

From January 9, 1899, to about March 1, 1899, the business between plaintiff and Frazier was conducted practically in accordance with the terms of the contract of August 16, 1898, but Frazier in the meantime, *i. e.*, from September 7, 1898, to January 9, 1899, had incurred indebtedness to the company under the manner of doing business during that period of more than $160 above all remit-

that credit and make that loan, makes a contract materially differing from that which defendant guaranteed.

The judgment should be affirmed.

All concurred.

Judgment unanimously affirmed, with costs.

tances, so that the financial situation, as between Frazier and plaintiff, when they assumed to begin doing business according to the original contract, was quite different from that existing at the time defendant executed the bond, a difference directly resulting from the new agreement under which the business had been transacted, because the amount he had fallen behind during that period was less than the $10 per week the plaintiff allowed him to retain for living expenses.

Again, and about March 1, 1899, a further bond was exacted of Frazier by plaintiff, to which B. W. Terry became surety, and it was then agreed that Frazier should be released from paying 10 per cent to plaintiff on such business as sub-agents received 100 per cent commission for.

Under such circumstances, I am of the opinion that the defendant, having been released from liability by the new arrangement of September 7, 1898, his liability was not renewed on January 9, 1899, when the agreement of September seventh was abandoned.

The indebtedness of Frazier to plaintiff at the time of the commencement of this action, arising between September 7, 1898, and September, 1899 (when his agency terminated), exceeded $200.

For the foregoing reasons, based upon the facts above stated, which are established by the evidence, I believe that the plaintiff has, by its own acts, as a matter of law, released defendant from liability on the bond in suit, and that the plaintiff has no cause of action against defendant, and its complaint herein should be dismissed on the merits, with costs.