### MARCUS v. LIEBOVITZ.

(Supreme Court, Appellate Term. December 12, 1907.)

**1. GUARANTY—CONSTRUCTION.**

A guarantor is entitled to stand upon the letter of his contract, and his undertaking is to be construed strictly in his favor, and is not to be extended by implication or inference beyond the scope of its terms.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 25, Guaranty, § 28.]

**2. SAME—CONDITIONS—BREACH.**

In an action on a guaranty of the account of a third person for one year, with a condition that statements were to be rendered to the debtor on the first of each and every month for the account of the preceding month, and settlements to be made monthly, evidence that plaintiff rendered a statement on the first of the month, and was told that the month was not up till the seventh, and that the debtor would then pay, and that the debtor also stated that the figures were all right, and plaintiff waited until the seventh of the month before notifying the guarantor of nonpayment, did not as matter of law show a breach of the condition of the guaranty.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 25, Guaranty, § 106.]

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Louis Marcus against Harry Liebovitz on a guaranty. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and GUY and BRUCE, JJ.

Gustavus A. Rogers, for appellant.

Ruskay & Ruskay, for respondent.

PER CURIAM. On or about September 17, 1906, the defendant made and delivered to the plaintiff the following guaranty, viz.:

"In consideration of the sum of $1, to me in hand paid, the receipt whereof is hereby acknowledged, I do hereby guarantee to L. Marcus (plaintiff) of 231 Water street, in the borough of Manhattan, New York City, the account of Morris Liebovitz, for one year, up to the sum of $300. The conditions of this guaranty are that statements are to be rendered by the said L. Marcus to the said Morris Liebovitz, on the first of each and every month, for the account of the preceding month, and settlements are to be made monthly. In default of which conditions this guaranty is to be null and void."

The court found upon the trial of the action brought by plaintiff on said guaranty that "the plaintiff has failed to prove, on the evidence

presented to the court, that he rendered statements to Morris Liebovitz on the first day of each and every month for the account of the preceding months and made settlements monthly, as provided in the written guaranty under which he is attempting to hold the defendant Harry Liebovitz liable. In default of this evidence he has failed to make out a cause of action." The court, therefore, held that "the plaintiff is not entitled to recover as a matter of law, and judgment is that the action is dismissed on the merits, with costs."

It appears that plaintiff, relying on the guaranty, delivered coal to Morris Liebovitz between January 7, 1907, and February 7, 1907. As the court below based its decision on one feature of the case only, we will confine ourselves upon this appeal to a consideration of that branch of the case alone. The question, therefore, presented on this appeal, is this, does the testimony of plaintiff fail to show that he rendered a statement to Morris Liebovitz on the 1st of February, 1907, for the account of the preceding month, or that he made settlements monthly? The rule is that a guarantor is entitled to stand upon the letter of his contract, and his undertaking is to be construed strictly in his favor, and is not to be extended by implication or inference beyond the scope of its terms. The guarantor has a right to insist upon a strict compliance with the terms and conditions of his undertaking, and the time of credit must be given in strict conformity with the guaranty, and any deviation in this respect, however small, will exonerate the guarantor. Walrath v. Thompson, 6 Hill, 540; Story on Contract, 574; Ward v. State, 81 N. Y. 406; National Mechanics' Banking Ass'n v. Conklin, 24 Hun, 496.

Plaintiff's testimony is as follows, viz.:

"I handed him [Morris Liebovitz] a statement, with bill, on the 1st of the month [of February, 1907], and he said that the month would be up on the 7th, because he started on the 7th, and he said: 'On the 7th I will pay.' So Morris Liebovitz told me to wait until the seventh of the month, and he said: 'Besides you have got a guarantee for $300, and I only owe you $267, and if I don't pay, you can go to Harry Liebovitz, and you can get your money.' On the 7th I went down to Harry Liebovitz and saw him, and he claimed he was going to send me a check for it, which I never got. Q. Did you go over these accounts with Morris Liebovitz? A. The bookkeeper did, there. Q. Did you show him [Morris Liebovitz] the [guaranteed] account in your book? A. Yes. Q. Did he go over it, this guaranteed account? A. Yes. Q. What did he say about the correctness of the guaranteed account. What did he say about the figures? A. The figures were all right."

Whether he means that Morris Liebovitz so stated that the figures were all right, or whether he himself states that the figures were all right, is not altogether clear; but from the form of the question, to which this reply was made, it seems to be a reasonable inference that he refers to what Morris Liebovitz said. We are inclined to the opinion that plaintiff has sufficiently shown that he rendered a statement on the 1st of February for the account of the preceding month, and endeavored to have the settlements made monthly, as the guaranty required. He had a right to wait a while for Morris Liebovitz to pay up before applying to defendant on the guaranty. So that his apparent acquiescence, if any there be, in the suggestion of Morris Liebovitz to postpone payment, by waiting until the 7th before calling upon de-

fendant, can hardly be regarded as such an extension of the time of credit as exonerates the guarantor. There is nothing in the language of the guaranty to prevent plaintiff from so waiting seven days for Morris Liebovitz to pay up before calling the matter to the defendant's attention. Plaintiff had already done exactly what the guaranty required him to do, by presenting a statement on the 1st day of February of the account for the month of January, with a bill therefor, and demanding a settlement, i. e., payment. It seems to us that the learned court below fell into error in holding that "plaintiff has failed to prove * * * that he rendered statements to Morris Liebovitz on the first day of each and every month for the account of the preceding months, and made settlements monthly, * * * and that plaintiff is not entitled to recover as a matter of law." There is no dispute whatever as to any month preceding the month from January 7 to February 7, 1907, and as to that month, as we have seen, plaintiff has sufficiently shown compliance with the terms of the guaranty.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.