Lena Curtis, Plaintiff, *v.* American Surety Company of New York, Defendant.

Supreme Court, Special Term, Delaware County, November 20, 1946.

*Levene & Gouldin* for defendant.

*Arthur F. Curtis* for plaintiff.

O'CONNOR, J. This is a motion to set aside an order granted by this court on April 22, 1945, granting leave to Lena Curtis to commence and prosecute an action on bonds of Harry H. Roberson, late Supervisor of the Town of Sanford, Broome County, New York, against the American Surety Company of New York, surety thereon, in the name of said Lena Curtis, as plaintiff, as if she were named as an obligee in said bonds.

Plaintiff's petition contains the following allegations: In November, 1940, Harry H. Roberson was duly elected Supervisor of said Town of Sanford for a term of two years, commencing January 1, 1941. Before entering upon the discharge of his duties as such supervisor, two general supervisor bonds, one in the amount of $10,000, dated November 13, 1940, and the other in the amount of $1,000, dated November 13, 1940, were executed by Harry H. Roberson, as principal, and the American Surety Company of New York, as surety, to said Town of Sanford, as obligee.

In November, 1942, Harry H. Roberson was again duly elected Supervisor of the Town of Sanford, for a further term of two years, commencing January 1, 1943. Before entering upon the discharge of his duties as such supervisor a general supervisor bond in the amount of $11,000, dated November 17, 1942, was executed by Harry H. Roberson, as principal, and the American Surety Company of New York, as surety, to said Town of Sanford, as obligee.

All three of the above general supervisor bonds contain the following clause: " Now, THEREFORE, the condition of this obligation is such that if the above bounden principal shall well and faithfully discharge the duties of his office and promptly account for and pay over all moneys or property received by him as such officer, in accordance with law, or in default thereof, the parties executing this undertaking will pay all damages, costs and expenses, resulting from such default, not exceeding the sum above mentioned, then this obligation to be void, otherwise to remain in full force and effect."

Said Roberson did not well and faithfully perform the duties of his office as such supervisor and did breach his duties as such supervisor and the obligations of said bond in that by virtue of his office, and by color of his office, as such supervisor he issued and delivered to the plaintiff three certificates of indebtedness of said Town of Sanford, one on September 29, 1942, for the sum of $2,600 payable on March 15, 1945, another on December 21, 1942, for the sum of $2,000, payable on March 15, 1944, and a third on December 19, 1944, for the sum of $2,500

payable on March 15, 1946. Each of the three certificates stated they were issued for the purchase price of highway equipment, none of which was sold by the plaintiff to the Town of Sanford. On delivery of each of said certificates the plaintiff paid Roberson the respective amounts set forth in said certificates; each of said certificates was duly signed by Roberson as supervisor but not authorized by the Sanford Town Board and the signatures of LaVern Green thereto, as town clerk of said town on the first two certificates, and Raymond Ruegger, as town clerk of said town, on the third certificate, were forgeries: Roberson represented to plaintiff that each of said certificates was a valid obligation of said town, which representations were false but were believed by petitioner, who relied thereon, and thereby plaintiff has been defrauded of the said sums of money: plaintiff has not recovered judgment against Roberson and cannot make a demand for the repayment of said moneys by him because he is now deceased and, as plaintiff is informed and believes, the estate of said Roberson is insolvent.

Harry H. Roberson committed suicide on or about February 27, 1945. On March 14, 1945, Florence H. Roberson, the widow of said Harry H. Roberson, was duly appointed the administratrix of the estate of Harry H. Roberson, deceased, by the Surrogate of Broome County, duly qualified as such administratrix on March 14, 1945, and at all times thereafter has been and now is acting as such administratrix.

Plaintiff's complaint contains practically the same allegations as those above set forth.

The motion to vacate the order granting the plaintiff leave to commence and prosecute an action on the bonds of said Roberson is denied. The motion papers for leave to sue contain allegations sufficient to empower the court in its discretion to grant to the plaintiff leave to sue. Whether on the facts and the law the plaintiff has a cause of action must await the trial of the action. (*Matter of United States* [*Century Ind. Co.*], 282 N. Y. 95.)

The defendant also moves for an order dismissing the plaintiff's complaint on the ground it appears on the face thereof that it does not state facts sufficient to constitute any cause of action against the defendant.

Whether the plaintiff is entitled to recover depends largely on whether the moneys were received by Roberson under color of his office and because he was supervisor, although he was without right to receive the same.

While it is true that Roberson did not comply with sections 142 and 266 of the Highway. Law, he had authority to borrow money upon the credit of the town provided he acted with the approval of the Town Board and in a legal manner. He was the officer who was authorized to negotiate with a third person to secure a loan. He executed the certificates of indebtedness as supervisor and received the moneys from plaintiff claiming to act as supervisor. Plaintiff in her complaint alleges that Roberson claimed to be acting as supervisor and she believed he had authority to receive the money and execute and deliver the certificates of indebtedness. Therefore, Roberson was acting under color of his office as supervisor.

There does not seem to be any recent cases on this question in this State. The leading decision is *People* v. *Pennock* (60 N. Y. 421 [1875]) which held that the sureties on the official bond were not liable for moneys which were received by an official under color of his office or because he was such official, but without right. There are numerous decisions in other States holding that the sureties on official bonds are liable for moneys received by an officer under color of his office.

In American Jurisprudence (Vol. 43, Public Officers, § 418, pp. 188–189) the rule is stated as follows: " A distinction is drawn in some cases between acts done by virtue of office and acts done under color of office. If the act is done by virtue of office, the sureties are liable, while if the act is done under color of office, but not by virtue of office, the sureties are not liable. Acts done virtute officii, it is said, are those which are within the authority of the officer, but in the doing of which he exercises that authority improperly, or abuses the confidence which the law reposes in him; acts done colore officii are those which his office gives him no authority to perform. This distinction is, however, now ignored by the majority of the courts, on the ground that if carried to its legitimate conclusion, there would never be any liability but his own for the wrongful act of an officer; the sureties are held liable if the act is done either by virtue of office or under color of office, but if the officer acts without any actual or apparent authority whatever, the sureties are not liable. If the officer is acting in promotion of his duties, it is immaterial that he acts improperly or that his conduct is in gratification of his feelings or resentment, or that the injury is caused by the negligence of the officer."

The rule is similarly stated in Corpus Juris (Vol. 46, Officers, § 400).

Leading authorities in other States have disregarded this refined and fanciful distinction and held that for improper acts performed by an officer under color of his office the sureties upon his bond are liable. (*Hall* v. *Tierney*, 89 Minn. 407; *Greenius* v. *American Surety Co.*, 92 Wash. 401; *City of Festus* v. *Kausler*, 105 S. W. 2d 646 [Mo.]; *Cain* v. *Skillin*, 219 Ala. 228; *Jones* v. *Commissioners*, 57 Ohio St. 189.)

Whether or not Roberson was acting under color of his office as supervisor is a question of fact to be determined by the court or jury on the trial. (*Cain* v. *Skillin, supra.*) We are of the opinion this court should not dismiss the complaint as a matter of law. Defendant's motion to dismiss the complaint is denied, with $10 costs of motion.

Submit order accordingly.