Brewster, J.
(dissenting). The facts which have given rise to the questions presented by these appeals are not in controversy. They may be summarized as follows: On three occasions while one Roberson, was holding the office of Supervisor of the Town of Sanford in Broome County, he defrauded plaintiff of considerable sums of money by issuing and delivering to her false, fraudulent and forged documents purporting to be, and upon their face appearing to be, duly authorized certificates of indebtedness of said town. On their face they were, ostensibly, countersigned by the town clerk and recited that they had been duly issued for the purchase of machinery under section 266 of the Highway Law. The plaintiff paid in money to said Roberson the stated principal amounts of said certificates. She did not sell or deliver any of the machinery for the purchase price of which the certificates purported to have been issued. During all the time of the aforesaid occasions defendant was surety upon subsisting general supervisor bonds of said Roberson. The third and last certificate which Roberson uttered to plaintiff was dated December 19, 1944, and he committed suicide the following February 27th. The three certificates and their town clerk countersignature not only were wholly false and forged but had they been issued by official action, there was no authority in law for their sale and delivery to plaintiff under the facts related. They could have been legally issued only to a vendor on account of the purchase of machinery et cetera. (Highway Law, §§ 266,142.)
The pertinent conditions of the bonds upon which plaintiff has been given leave to prosecute and upon which she has instituted action against the defendant as surety, are that “the above bounden principal shall well and faithfully discharge the duties of his office and promptly account for and pay over all moneys or property received by him as such officer, in accordance with law * * Certainly the moneys, the principal received from plaintiff, were not received by him in any official capacity so we are concerned only with an admeasurement of his conduct as regards the prescribed standard of his " discharge [of] the duties of his office”.
Whatever may have been a change or relaxation in the rule in other jurisdictions the rule obtains here that, in the absence of ambiguity, the liability of a surety may not, by judicial construction, be extended beyond its express terms. When the condition is explicit and clear the rule of strict construction still obtains. To uphold the orders appealed from we must find that the misdeeds of Roberson constituted some dereliction or default in the discharge of his duties as Supervisor of the Town of Sanford. The faithful discharge of the duties of an office may in a broad sense include the concept of refraining from the misbehavior here shown. But the duty there envisioned is one owed to society and does not arise from, nor is it peculiar to any affirmative act called for in discharge of the duties of the office. To relate the criminal acts disclosed to official duty would be to hold that the mere false pretense of an ¡official act was, as regards the liability of a surety, in law, within the ambit of jthe discharge of official duty. Such we may not say was within the terms or contemplations of the contracts of suretyship. In no permitted view of the *1080 matter may it be said that misbehavior which is wholly personal comes within the scope of official duty even though, during tenure, the indicia or vestments of an office are employed in the perpetration of the offense. (People v. Pennock, 60 N. Y. 421, 426; Ward v. Stahl, 81 N. Y. 406, 408; Town of Whitestown v. Title Guaranty & S. Co., 72 Misc. 498, affd. 148 App. Div. 900, affd. 209 N. Y. 512; People ex rel. Comstock v. Lucas, 93 N. Y. 585; Eckstein v. Massachusetts Bonding & Ins. Co., 281 N. Y. 435.)
It follows that the order which denied the surety’s application to vacate the ex parte order which granted leave to plaintiff to prosecute the official bonds, should be reversed and said application granted upon the showing made that the ex parte order ought not to have been granted (Public Officers Law, art. 2-A, § 21); and the order denying the motion to dismiss the complaint should be reversed and the motion granted.
Hill, P. J., Heffernan and Russell, JJ., concur in decision; Brewster, J., dissents in an opinion in which Poster, J., concurs.
Orders affirmed upon the authority of Matter of United States (Century Ind. Co.) (282 N. Y. 95). [188 Misc. 107.]