Brady, P. J.
The action was brought upon a promissory note given by the intestate under the following circumstances : — On the 20th of June, 1879, one Peter Kennedy and the plaintiff entered into a charter party by which the former secured a steam *2 boat wbicb was to be run in and around the harbor of New York from July 4th, 1879, to October 4th, 1879, and for which he was to pay $9000 in six payments of $1500 each, payable July 14th ana 24th, August 3rd, 13th and 23rd, and September 2nd. On the same day Coleman made an agreement by which he undertook, for 90 days from July 5th, 1879, to make good any loss or damage of the plaintiffs for the non-performance of the contract on the part of Kennedy. It appears that Kennedy took possession of the boat and continued in possession until the 29th of August. The first, second and third installments were paid. On the 13th of August the 4th installment of $1500 became due. Kennedy had not sufficient money to pay it and induced the defendant Coleman to give his note for $3000 to cover that instalment and the one which would become due on the 23rd of August. When the note was given $900 was paid by Kennedy to Coleman. The referee has found that there could be no doubt that that was an incident of the transaction in which the note was given. About the 29th of August, by an assignment duly acknowledged, Kennedy assigned the proceeds of the contract .and earnings of the boat for the future to the plaintiff to secure the payment of $4500, the three installments payable by the .agreement on the 13th and 23rd of August and the 2nd of September, and for two of which, as we have seen, the note in this .action was given. Kennedy consented that one Lewis, an employee of the plaintiff, should take possession of the boat and 'receive the earnings. Such possession was given by the plaintiff .and Kennedy to Lewis, and the plaintiff by Lewis ran the boat thereafter. ^
The defendant insists that, by reason of the change in the relations between plaintiffs and Kennedy, for the performance of which Coleman was surety and gave the note, he was discharged .upon the ground that his contract was strictissimi juris ; and the obligation so made by him could not be extended to any other .subject, to any other person or to any other period of time than that expressed or necessarily included in it, a doctrine which is laid down by Burge in his work on Suretyship, and cited with {approval in Barnes v. Barrow (61 N. Y. 42), in which it was said: a surety who assumed the burden of a contract without sharing in its benefits had a right to prescribe the exact terms upon which he entered upon its obligations and to insist upon his discharge in case those terms were not observed.” It was not a question whether he was harmed by the change to which he had not consented. He had a right to plant himself upon the technical objection, “that is not my contract.” (And see also Fellows v. Prentiss, 3 Denio 512). There is no doubt that the rule thus asserted is correct. (Mechanics Bank v. Conkling, 90 N. Y. 116; Ward v. Stahl, 81 N. Y. 406). The obligation, however, was not to give the promissory notes ; he was to make up *3 any deficiency in the payments; and the note which he gave, although connected with the subject-matter of his undertaking, was given, not at the request of the plaintiff, but at the request of Kennedy, who paid a portion of the amount, namely, 1900. This might, with great propriety, be regarded as a transaction entirely independent of the charter-party, the note being founded — in part at least — upon a new consideration having been made for the accommodation of Kennedy for the payment of a debt due or to become due. This probably would be considered as an abstract proposition an answer to the attempted application of the rule governing the relations between principal and surety. But a difficulty presents itself, for the reasons that those relations growing out of the agreements already mentioned seem to have been fully investigated before the referee, the plaintiff having put Kennedy on the stand and begun such investigation, and such facts disclosed as warranted the conclusion that sufficient money was realized by the earnings of the boat after her transfer to the plaintiff, to pay the entire indebtedness existing under the charter-party. The first, second and third instalments having being paid, there was due $4500; and the earnings of the boat, according to the testimony of the plaintiff’s witness, Kennedy, were between $5000 and $6000. What the precise state of that account was does not appear; but it would seem from the cross-examination of Kennedy that the amount mentioned was the net earnings of the boat after the payment of the bills for services and other necessaries. These facts having been developed by proper evidence, the referee was requested to find amongst other things, that on the 29th of August, Lewis, who represented the plaintiff, received moneys on the boat, and which became due to lfim for services, between the 29th of August and the 4th of October, and that the same amounted to between $5000 and $6000. This was refused, but for what reason is not stated. It is possible that it was from the suggestion already mentioned, that the transaction with regard to the note was one independent of the charter-party. But there can be no question that if the charter-party was continued, as it seems to have been, even though it was transferred to the plaintiff for Ms protection, the surety, if to be held responsible at all, is entitled to all the benefits resulting from the charter-party in reference to his obligation as such. The record seems to demonstrate the payment of $4500 on account of the charter party, before the note was given; and the subsequent receipt by the plaintiff or Ms agent of a sum of money sufficient to cover the entire amount called for by the charter-party, to wit: $9000. These facts having been established, it needs no citation of cases to sustain the proposition, that the surety is entitled to all the benefits resulting from the use of the contract, so that even if the signing of the note was an independent transaction founded *4 upon an independent consideration, tbe circumstances which induced the note and the introduction of the charter-party, and the evidence bearing upon the results of the charter-party having all been received, the case is to be disposed of according to the whole 'law of the land, and whatever rights spring out of the whole case as disclosed, must be maintained. The fact which the referee was asked to find in reference to the earnings of the boat was therefore material, and the failure to find it Avas an error for which there must be a new trial.
The judgment should be reversed and a new trial ordered, ■with costs to abide events.
Daniels and Macombeb, JJ., concur.