## JOHNSON v. WILLIAMS.

(Supreme Court, General Term, First Department. February 17, 1893.)

DEED—OMISSION OF COURSE IN DESCRIPTION.

The correct description of land as to the last two courses was as follows: Thence northerly to a strip of land "at the head of Washington street, owned by A.; thence westerly along said strip of land owned by A. and Washington street about 124 feet, to the place of beginning." A deed to the land omitted the words, "thence westerly along said strip of land owned by A." It stated, however, that the boundaries given embraced "all the land in said bounds;" There was also a purchase-money mortgage given at the same time by the grantee, which contained the correct description. *Held,* that the grantee's title was not affected by the omission.

Case submitted on agreed statement.

Controversy between Henry W. Johnson and Edward G. Williams, submitted on an agreed statement under Code Civil Proc. § 1279, to ascertain whether plaintiff's title to certain premises, which he had contracted to convey to defendant, is or is not defective.

Argued before VAN BRUNT, P. J., and O'BRIEN and FOLLETT, JJ.

Coleridge A. Hart, for plaintiff.
William H. Townley, for defendant.

O'BRIEN, J.   The facts show that the plaintiff and defendant made a contract, the former to sell and the latter to buy, certain premises in what is commonly called the "Annexed District of New York City." The contract called for a proper deed conveying the fee simple of said premises.   The correct description of the property intended to be conveyed is contained in the deed delivered to the plaintiff on the 1st day of October, 1872, as follows:

"All that other piece or parcel of land lying and being in the town of West Farms, in the county of Westchester, and state of New York, bounded and described as follows:   Beginning at a point on the southerly side of Washington street, distant two hundred and ninety-five feet easterly from the corner of said street and Union avenue; thence running southerly and parallel, or nearly so, with said Union avenue, about one hundred and eighty-five (185) feet to a stone wall, the boundary of lands of William W. Fox, deceased; thence running easterly along the center of said wall by said Fox's land about one hundred and ninety-seven (197) feet to the corner of land formerly belonging to Mr. Devoe; thence running northerly through the center of a stone fence by land formerly of Mr. Devoe about one hundred and ninety-three feet (193 ft.) six (6) inches to a strip of land at the head of Washington street, owned by Mr. Ashe; thence westerly along said strip of land owned by Mr. Ashe and Washington street about one hundred and twenty-four (124) feet to the point or place of beginning."

It is conceded that the deed tendered to defendant would include the premises thus described, but the objection to the title arises in an alleged defect in the chain, growing out of an omission of one of the courses in a former deed made by Maria Amos and William Amos, her husband, to one of plaintiff's predecessors in title, and dated the 2d day of May, 1864.   In this last-mentioned deed the description is the same as above, except that the words in the fourth course, "thence westerly along said strip of land owned by Mr. Ashe," are omitted, so that the deed, after describing the two first courses as in the correct description of the premises, reads as follows:

"Thence running northerly through the center of a stone fence by land formerly of Mr. Devoe about one hundred and ninety-three (193) feet six (6) inches to a strip of land at the head of Washington street owned by Mr. Ashe, and Washington street about one hundred and twenty-four (124) feet to the point and place of beginning; containing all the land in said bounds."

It is conceded further that at the time this deed—in 1864—was made the grantee gave back to the grantor purchase-money mortgages which contained a correct description of the premises, and that the words omitted from the deed were in the purchase money mortgages.   It will also be noticed that the defective deed states that the boundaries given embrace all the land in said bounds.   The question thus presented is purely one of construction.   As to the true construction, we entirely agree with the plaintiff that the description in the deed claimed to be defective admits of no other interpretation than one which covers and includes the whole of the parcel conveyed to plaintiff in 1872.   We fail to see how any doubt can exist, whether resort be had to language or the simplest process of reasoning with a view of reaching a solution upon the question submitted.   It would be impossible, by measuring off 124 feet in any other direction, to reach the point of beginning, than by going in a westerly direction to such point.   There is nothing omitted from the Amos deed which was essential to a definite location of the

fourth course of the premises intended to be, and which were in fact, conveyed. We are of opinion, therefore, that the mere omission from the description of the words "thence westerly," etc., makes the plaintiff's title in no way defective, nor is it serious enough to be regarded as a break in the chain of title, or one which would prevent the plaintiff from fulfilling his contract to give a perfect deed conveying the fee simple of the premises in question. Upon the conceded facts, therefore, the question submitted for our consideration—as to whether the deed in which this omission occurs was sufficient to convey the premises contracted to be sold to the defendant—should be answered in the affirmative, and judgment should be entered against defendant directing that he perform his contract, and accept the deed tendered by plaintiff, and and in other respects comply with the terms of the agreement.

Judgment accordingly, with costs.     All concur.