ANNIE B. CROCKER & others *vs.* CHARLES U. COTTING & others, trustees.

Suffolk.      December 7, 1897. — January 5, 1898.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Partition — Implication — Land subject to Easement — Statute.*

The purchase in common of land subject to the easement of a passageway already belonging to the purchasers does not raise an implication that the land shall remain in common, nor render a partition of it inequitable.

The Pub. Sts. c. 178, § 1, providing that " persons holding lands as . . . tenants in common may be compelled to divide such lands either by writ of partition at the common law or in the manner provided in this chapter," apply to land subject to a right of way.

PETITION, by Annie B. Crocker, Edith Page, Calvin G. Page, and Hollis B. Page, against Charles U. Cotting and Francis C. Welch, trustees under the will of Samuel K. Williams, and Jonathan A. Lane, John C. Lane, and George S. Winslow, trustees under the will of George S. Winslow, for partition of a parcel of land in Boston. The Probate Court dismissed the petition ; and the petitioners appealed to this court. Hearing before *Barker*, J., who reversed the decree of the Probate Court; and the respondents appealed to the full court. The facts appear in the opinion.

*G. Putnam & J. L. Putnam*, for the trustees under the will of Samuel K. Williams.

*Z. S. Arnold*, for the trustees under the will of George S. Winslow, submitted the case on a brief.

*S. Lincoln & H. M. Davis*, for the petitioners.

HOLMES, J.   This is a petition for partition of a strip of land subject to a passageway, which already has been before the court.   *Crocker* v. *Cotting*, 166 Mass. 183.   In the former case

it was decided that the land under the way was not parcel of the adjoining estates. If it was not, then there was no question that it passed by two conveyances to the predecessors in title of the present parties, as tenants in common, or that the present parties are tenants in common still. This proceeding was begun in the Probate Court after the above decision. Pub. Sts. c. 178, §§ 1, 45. The case is here on appeal from the decree of a single justice of this court, reversing the decree of the Probate Court and granting partition. The petition is resisted only on the grounds that the statute first cited does not apply to land subject to a right of way, and more especially that the implications of the purchase in common of the land subject to the easement already belonging to the purchasers are that the land should remain in common, and that it would be inequitable to divide it against that implied understanding.

To deal with the last argument first, we discover no such understanding as is supposed. Why the purchasers bought the land under the passageway is pure matter of conjecture. Their right of way was secure. Very possibly their thoughts went no further than to get rid of outside ownership. Probably they did not contemplate partition, because probably they never thought about it, one way or the other. The fact that they would have provided against it if they had thought about it, if established, would not exclude the right to partition as a necessary consequence. But we have no warrant for saying that they would have provided against it. It is equally possible, on the facts before us, that they would have said, when we get rid of outsiders, if it ever becomes convenient to divide the land we will do it, keeping up our right of way. If, indeed, the tenancy in common of the servient land by the owners of the dominant estates had extinguished their several easements by merger, a very different question would be presented from that with which we are dealing. But the easements remained. They would not be extinguished so long as any difference in the quality of the title to the dominant and servient estates made it in any degree for the interest of the dominant owners to keep them alive. " That unity of title in the dominant and servient estate should operate to extinguish an easement, the ownership of the two estates should be coextensive." *Atlanta Mills* v. *Mason*, 120

Mass. 244, 251. *Bradley Fish Co.* v. *Dudley*, 37 Conn. 136, 144, 145. *The King* v. *Hermitage*, Carth. 239, 241. Wash Easements, 518. See Littleton and Moyle in Y. B. 35 Hen. VI. 55, 56, pl. 1. It is true that the petitioners make no mention of the easements to which the land is subject, but there is no indication that they hoped by this proceeding to cut off the respondents' rights of way, and that the respondents shall continue to have those rights may be made a term of the partition, for greater caution.

The fact, if it be one, that at the time of the original purchase in common passageways often were left in common in partitions under the statute, or that ways often were acquired by such a purchase, is far from sufficient to establish a binding surrender of one of the incidents of ownership. Mere inconvenience is equally insufficient. Partition is a matter of right. *Mitchell* v. *Starbuck*, 10 Mass. 5, 12. *Potter* v. *Wheeler*, 13 Mass. 504, 507. *Warner* v. *Baynes*, Ambl. 589. *Parker* v. *Gerard*, Ambl. 236. *Turner* v. *Morgan*, 8 Ves. 143, 145, n. 1. *Mayfair Property Co.* v. *Johnston*, [1894] 1 Ch. 508. *Hanson* v. *Willard*, 12 Maine, 142, 146, 147. *Wood* v. *Little*, 35 Maine, 107. *Willard* v. *Willard*, 145 U. S. 116. Freeman, Cotenancy & Partition, (2d ed.) § 433. But in the case at bar no inconvenience appears. On the contrary, the convenience of the petitioners will or may be met by partition, and that of the respondents not otherwise impaired than by depriving them of a right to prevent the petitioners doing what they want to do, a right which may have pecuniary value.

Then as to the scope of the statute. Pub. Sts. c. 178, § 1. The language is, "Persons holding lands as . . . tenants in common may be compelled to divide such lands either by writ of partition at the common law or in the manner provided in this chapter." This language applies to the present case as plainly as words can, unless for some reason it is narrowed from what it seems to mean on its face. There is no doubt that land is not withdrawn from partition by the fact that a part of it is subject to easement. *Weston* v. *Foster*, 7 Met. 297, 299. There is no greater obstacle in the fact that the whole of it is. Suppose that all the parties wanted a partition but could not quite agree on the proportions, and that, as in this case, it was or might be

a great advantage to their several estates to have the land divided, it would strike every one as monstrous if under this statute the courts should decline to proceed, on the ground that they were not given power. But if the voluntary jurisdiction extends to this case, the right to proceed *in invitum* also does. The jurisdiction is not affected by a defendant's recalcitrance.

In England when partition was asked and decreed of a moor, the objection was urged that the moor was subject to rights of common. But Sir William Grant, the Master of the Rolls, answered, " The rights of common are no objection to the commission ; as that right will not be in the least affected by the partition ; which regards only the freehold and inheritance of the soil. A partition never affects the interest of third parties. It is immaterial, whether others have a right over that soil and freehold, which they have in common among them. Those rights will equally remain." *Agar* v. *Fairfax*, 17 Ves. 533, 544. The same thing is said concerning a right of way by Chief Justice Shaw, in *Weston* v. *Foster*, 7 Met. 297, 299, already referred to. These considerations appear to us to dispose of the case.　　　　　　　　　　　　　　　　*Decree affirmed.*