[No. 1132, February 25th, 1908.]

LEVI R. THOMPSON, et al., Appellants, v. MARIA INEZ GARCIA de SNYDER, Appellee.

SYLLABUS (BY THE COURT).

1. The instrument in this case conveying an "undivided one-third fee simple interest and easement in and to" certain lots carried with it both an undivided title in the soil and an easement in favor of the adjoining lots.

2. The easement thus created in favor of individual holdings was not merged into the co-tenancy created between such individuals for the reason that the dominant and servient tenements were not of equal dignity.

3. Under Compiled Laws, Section 3179, a suit for partition may be maintained notwithstanding the land in question is subject to an easement.

Appeal from the District Court for Bernalillo County, before IRA A. ABBOTT, Associate Justice. Reversed and Remanded.

McMILLEN & RAYNOLDS, for Appellant.

Sections 3179 to 3186, inclusive, of the Compiled Laws of 1897, provide a comprehensive Act for partition, vesting the power in the chancery side of the court. The act does not limit the right of partition in any way, but is of the most general character. Freeman on Co-tenancy and Partition, secs. 433-438, 455; Donnor v. Quartermas, 24 A. S. R. 778.

FRANK W. CLANCY for Appellee.

An easement appurtenant to other property owned by different persons, cannot be the subject of partition under the New Mexico Statute. Crocker v. Cotting, 170 Mass. 68; 10 A. & E. Enc., 2 ed, 403 and Note 1.

STATEMENT OF FACTS.

This is a partition suit brought by the plaintiffs Levi R. Thompson and Alonzo B. McMillen against Maria Inez Garcia de Snyder, the defendant, alleging that the plaintiffs are each the owners of one-sixth undivided interest and the defendant an undivided two-thirds interest in certain real estate in the city of Albuquerque and described as lots O and H, of Block Two (2) of the Ambrosio Garcia estate, and further alleging that they and the defendant are in possession thereof as tenants in common. The answer admits the allegations just recited but subject to the following conditions alleged by way of new matter, namely, that lot O, just mentioned, is an interior court yard or *placita,* and that lot H is a mere passage way, or *saguan,* leading from this placita to Copper Aven-

ue; that the undivided interests of plaintiffs and defendants in said two lots are mere easements appurtenant to the enjoyment of and affording ingress to and egress from the land held by the parties adjacent to these lots, and that lots O and H being held as mere easements are not proper subjects of partition. The reply, while admitting that these lots are used in common for the purposes claimed in the answer, deny that the undivided interest of the parties are mere easements. The case was tried upon a stipulation as to the facts which was as follows:

"IT IS HEREBY STIPULATED AND AGREED by and between the parties to this cause, that their respective titles to the real estate, which is the subject of this suit, is from a common source; that the said property formerly belonged to one Ambrosio Garcia, who died prior to July 31, 1890, and that on said day a mutual deed of partition of the real estate of Ambrosio Garcia was made by his heirs, and that in said deed appear the three following paragraphs:

"Item 2. To Maria Ynes Garcia de Snyder, there is granted lots letters G, M and P in block figure two (2) together with an undivided fee simple one-third interest in and to an easement to the use of the whole of lots letters O and H (the placita and entrance) in said block."

'Item 4. To Maria Garcia de Armijo, there is granted lot letter N in block figure two (2) together with a like undivided one-third fee simple interest and easement in and to lots letters O and H as is granted to Ynes in item two above.'

'Item 5. To Clara Garcia de Simpson there is granted x x x lots letters L and I in block figure two (2) together with a like undivided one-third fee simple interest and easement in and to lots letters O and H, as is granted to Ynes in item two, above.'

IT IS FURTHER AGREED that plaintiffs have acquired from Maria Garcia de Armijo the property mentioned in the above quoted paragraph which is marked Item 4, and that the defendant has acquired from Clara Garcia de Simpson of the property mentioned in the par-

agraph marked Item 5, lot letter I in block figure two (2), and the undivided one-third interest and easement in and to lots letters O and H.

### OPINION OF THE COURT.

POPE, J.—(After making the foregoing statement.) An opinion was handed down in this case at the last term, but upon a suggestion of counsel that there had been a misapprehension of the record, the mandate was ordered withheld, and the cause reserved for further consideration. The outcome of this latter is an adherence to the result heretofore announced, but a modification of certain views upon which that result was predicated. The original opinion is accordingly withdrawn. We have been embarrassed both upon the original and this latter consideration of the case by what we deem to be the extremely fragmentary condition of the record, and the fact that we have been called upon to construe the instrument controlling the case in the presence of only three of its paragraphs. While conciseness is a highly commendable quality, and, we may add, a rather rare virtue in the compilation of transcripts, we feel that it has beeen over indulged in this instance. Dealing with the record as best we can, however, the first question for determination is the legal effect of the paragraphs of the mutual deed above quoted. In construing this, three alternatives present themselves. The plaintiffs contend that it conveyed undivided interests in the land from the several heirs to the parties hereto and their predecessors, and that the land is thus under the terms of our statute (C. L. Section 3179 et seq.) subject to partition. On the other hand the defendant contends that the deed carried only placita and passage way privileges to the parties of this suit, and that an easement of this character may not be partitioned. Still a third theory is open, which is that the heirs by this deed of partition intended to give the parties and their predecessors undivided interests in the soil and to burden the fee thus held in common with an easement in favor of the adjacent lots held in severalty by these co-tenants. Upon a careful consideration of the deed with such lights as we have before us, we conclude that this third is

Thompson v. Snyder.

the proper construction. Such a construction accords with the evident purpose of the parties. The stipulation says that on July 31, 1890, "a mutual deed of partition of the real estate of Ambrosio Garcia was made by his heirs." From this we assume that *all* of the real estate of Garcia was partitioned on that day, and from the fact that no other paragraphs of that deed are here present, we further assume that the three paragraphs quoted in the stipulation are the only ones referring to the land in question. If, therefore, we hold that the deed conveyed only an easement, the fee remained in the heirs, which would be contrary to the stipulation, which as we have seen in effect says that all of Garcia's land was on that day partitioned. To decide as contended for by plaintiff we would have to hold that although the heirs were proceeding to partition the land they overlooked in so doing the two lots in question, and we would have to hold, contrary to the stipulation, that they did not partition all the land. On the other hand to hold that the deed was intended to convey simply an undivided estate in the land would be to assume that the heirs ignored the necessity of those heirs who were given the adjacent lots, the enjoyment of which without a placita and a means of ingress and egress would be very much curtailed, and might even be destroyed. These are considerations arising apart from the wording of the three paragraphs of the deed. We believe it to be capable of ready demonstration, however, that the language itself accords with this extrinsically established purpose. The words creating the conveyed estate differ in paragraph one from what appears in the others. In the first it is rather unintelligibly described as "an undivided fee simple one-third interest in and to an easement to the use of the whole of lots letters O and H;" in the last two it is described as "a like undivided one-third fee simple interest *and* easement in and to lots letters O and H." From at least the last two of these it is apparent that the parties were attempting to convey two estates, first, an undivided fee simple one-third interest in lots O and H, and second, an easement in the same lots. That the latter was not considered fractional is shown by the first description, to

which the last two refer, which mentions an easement to "the use of the *whole* of lots O and H." The insertion of a comma after the word "interest" and after the word "easement" in the last two descriptions (which is permissible, being a mere matter of punctuation), and the omission of the word "to" after the word "and" or the insertion of the word "and" after the words "in and to" in the first description (either of which is permissible in aid of a defective description, 17 A. & E. Enc. of Law, 2nd. edit., pp. 19 and 20, and cases cited) will render the first paragraph intelligible, will harmonize the three descriptions with each other, and will also square them with the evident intent of the parties. So considering the instrument, we find that it gave the parties respectively undivided interests in the soil burdened with the right of use of the whole by each for purposes of placita and passage way in connection with the adjacent lots held by them in severalty.    This was perfectly permissible legally, since **2** the estates being of different nature and extent, and not being held by the same hand, the first did not extinguish the second, and the second was not merged into the first.   For extinguishment to result the estates must be equal in duration, quality, and all other circumstances of right.    14 Cyc. 1189, par. 2 and cases cited; Ritger v. Parker, 8 Cush. 145, 54 A. D. 744; Reed v. West, 16 Gray, 284; Crocker v. Cotting, 170 Mass. 68; Tuttle v. Kilroa, 177 Mass. 146' and cases cited; Dority v. Dunning, 78 Me. 381; Bradley v. Dudley, 37 Conn. 136.

The question now remains as to whether the fee burdened with this easement is subject to partition.   We see no reason to doubt that it is.   Our Law (C. L. Sec. 3179) gives the right to partition "when any lands, tene- **3** ments, or hereditaments shall be owned in joint tenancy, tenancy in common, or coparcenary, whether the right or title be derived by donation, grant, purchase, devise or descent." The language of the statute is broad, we find in it no exception reaching a case such as this.

In Crocker v. Cotting, 170 Mass. 68, a similar case, it was said by the court, speaking through   Mr.   Justice

Holmes, then a member of the Supreme Court of Massachusetts:

"The petition is resisted only on the ground that the statute first cited does not apply to land subject to a right of way. x x x. The language is: 'Persons holding lands as x x tenants in common may be compelled to divide such land either by writ of partition at the common law or in the manner provided in this chapter.' This language applies to the present case as plainly as words can, unless for some reason it is narrowed from what it seems to mean on its face. There is no doubt that land is not withdrawn from partition by the fact that a part of it is subject to easement. Weston v. Foster, 7 Metc. 297, 299. There is no greater obstacle in the fact that the whole of it is." The same learned judge proceeded as follows: "In England when partition was asked and decreed of a moor the objection was urged that the moor was subject to rights of common. But Sir William Grant, the Master of the Rolls, answered: 'The rights of common are no objection to the commission, as that right will not be in the least affected by the partition, which regards only the freehold and inheritance of the soil.' "

We are of opinion, therefore, that the existence of the easement affords no obstacle to the partition of the soil. The latter when accomplished will have no effect upon the easement, whether the fee to the soil remain in the present parties, or in a vendee under a partition sale.

The case seems to have been presented to the learned trial judge upon a theory different from that above outlined, and it was doubtless due to this fact that the decree now complained of was rendered. Believing as we do, however, that the decree dismissing the complaint was contrary to the principles which should control the case, we reverse and remand the cause for further proceedings not inconsistent with this opinion.