**No. 7330**

**First Circuit Appeal**

---

**E. K. BREEDEN, ET AL., v. J. L. LEE, ET AL.**

---

(April 3, 1925, Opinion and Decree.)

---

*(Syllabus by the Editor.)*

1. **Louisiana Digest—Servitude—Par. 22.**

In locating an unimportant servitude of of way 30 feet wide across adjoining land, the court will use discretion so as to do as little damage to the land as possible.

2. **Louisiana Digest—Costs and Fees— Par. 8.**

When the result of the suit is that plaintiffs are required by the court to take a right of way in the place tendered them before the suit was filed and reoffered on the trial and by plaintiffs, each time refused, the costs should be paid by the plaintiffs.

Appeal from the Twenty-second Judicial District, parish of East Baton Rouge, Hon. W. Carruth Jones, Judge.

This is a suit to recover a servitude of way 30 feet wide to be used as a road. There was judgment for plaintiff of a servitude previously tendered by defendants and plaintiffs appealed. Judgment affirmed except as to costs which were reversed.

Kernan & Wall, of Baton Rouge, attorneys for plaintiff, appellant.

H. K. Strickland, of Baton Rouge, attorney for defendant, appellee.

ELLIOTT, J. E. K. Breeden and F. A. Breeden, owners and possessors jointly of 180 acres of land in headright 48 T. 5 S. R. 2 E., acquired by them from R. K. Breeden, April 19, 1917, brought suit for the use and benefit of their tract of land, against John L. Lee and W. W. Noble to recover of said Lee and said Noble, a servitude of way, 30 feet wide, to be used as a road over the land of said Lee and that of said Noble, leading from the residence of R. K. Breeden on plaintiffs' said tract land to the public road from Pride to Indian Mound and from thence to Baton Rouge.

The direction and location of the desired road over the land of said Lee and that of said Noble is traced on map made by T. W. Young, C. E. and filed in the record. The desired location will pass over only a very small part of the land belonging to said Noble and will be very little detriment to his property and in his answer and testimony he is willing for plaintiffs to have the road in the place desired; but it is very different with Lee. The plan or map made by T. W. Young, and the evidence shows that the road, if located in the place desired by plaintiffs, will divide the tract of land belonging to him containing 40 acres into about two equal parts and the evidence shows that if located in the place desired by the plaintiffs this 40 acres belonging to Lee will be rendered unservicable for a pasture and of very little value for any purpose.

The evidence shows that some years ago, R. K. Breeden former owner of the land now belonging to plaintiffs and for the use and benefit of which the road is desired; without objection on the part of the former owners of the tract now belonging to Lee, cut out a road from his residence to the public road. The road now desired in this suit and plaintiffs have improved it and now wish to have it made a permanent road for the use of their estate. But R. K. Breeden and former owners of plantiffs tract of land before this road was opened which plaintiffs desire; used a way in order to reach their estate, around the lower end of the tract of land now belonging to Lee and running in a general course very much like the course which the evidence shows Lee offered to the plaintiffs before they instituted suit and which they declined then and again declined on the trial of the case.

The evidence shows that nothing prevents plaintiffs from now following the course followed before the road now desired was cut out, and which will not hurt nor impair the value of the tract of land belonging to Lee, the only thing to be said against it and in favor of the road desired by the plaintiffs, is that the road claimed in the suit by plaintiffs is the most direct and shortest road from R. K. Breeden's residence to the public road in question, and is already open and can be easier kept up and maintained; but difference in length is not great enough to justify the court in holding that plaintiffs are entitled to the location desired by them in this suit, and the expense it will be to plaintiffs to open, construct and maintain the road in the place offered them by said Lee is not of sufficient importance to justify the court, in view of the great harm and inconvenience to the tract of land belonging to Lee that the location will

be that plaintiffs desire; in granting their desire for a location across the middle of his tract C. C. Arts. 700 and 771.

The district judge properly rejected plaintiffs' demand for a road over the land of said Lee in the place claimed by plaintiffs and very correctly ordered that they have a right of way along the lower end of the land of said Lee and of said Noble, to the public road as fixed in his judgment.

The judgment appealed from is correct in that respect and must be affirmed, but the district judge condemned Lee to pay the cost of the suit.

The evidence shows that Lee offered to plaintiffs a way over his land at the place designated by the court before plaintiffs instituted suit and through his counsel offered it to them again on the trial, but plaintiffs decliend in both instances to accept it and insisted on a road through the middle of his tract. We notice in the answer of said Lee a prayer, in the event plaintiffs are granted a right of way over his land, that it be at the place designated by the court and which plaintiffs refused.

Lee should not therefore be compelled to pay to the cost of the suit, when the result of the suit is that plaintiffs are required by the court to take a right of way in the place tendered them before the suit was filed and re-offered on the trial and by plaintiffs each time refused. Under the circumstances the cost should be paid by the plaintiffs.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and the same is hereby affirmed in all respects except as to the party who must pay the cost; in that regard, the judgment appealed from is annulled and reversed and it is now ordered that the cost of both courts be taxed against the plaintiffs, E. K. Breeden and F. A. Breeden.