Argued January 14, affirmed March 15, rehearing denied April 19, 1927.

FRED MYERS v. J. H. HATLER ET AL.

(254 Pac. 355.)

**Deeds—Erroneous Call in Description of Deed Did not Render Deed Void Where Initial Point Intended was Clear from Reference to Roads and Section Line Designated.**

1. Description in deed *held* not void for indefiniteness, though first call was erroneous, where grantor clearly intended to convey property bounded by two roads and section line; initial point erroneously described being ascertainable by reference to entire instrument and artificial monuments designated.

**Deeds—Intention of Parties to Deed may be Given Effect by Rejecting Erroneous Call in Description or Supplying One Inadvertently Omitted.**

2. Where intention of parties to deed can be ascertained by consideration of entire instrument, call in description may be rejected, or call inadvertently omitted may be supplied in order to give effect to intention.

**Boundaries—Roads and Section Line Boundaries in Deed Designated Prevail Over Distances, Where Erroneous Call has Been Made.**

3. Roads and section line designated in deed as boundary lines will, as artificial monument, prevail over distances stated in call; especially where it is apparent erroneous call has been made.

2. See 4 R. C. L. 110.
3. See 4 R. C. L. 101.

**Adverse Possession—Finding That Claimant Who Grazed Stock on Another's Land Acquired Title by Adverse Possession Held Sustained by Evidence.**

4. In suit to quiet title, finding that land owner who ran his stock over adjoining lands acquired title thereto by adverse possession *held* sustained by evidence.

**Adverse Possession—Title by Adverse Possession of Land Near Boundary Depended on What Parties Treated as Division Line Between Respective Properties.**

5. Question whether land lying between lines claimed as boundaries was acquired by adverse possession depended on what parties considered and treated as division line between their respective properties.

---

Adverse Possession, 2 C. J., p. 276, n. 59.
Appeal and Error, 4 C. J., p. 881, n. 7.
Boundaries, 9 C. J., p. 218, n. 78.
Deeds, 18 C. J. p. 181, n. 96, p. 184, n. 54, p. 185, n. 68, p. 186, n. 75, p. 286, n. 7, 8.
Quieting Title, 32 Cyc., p. 1372, n. 26.

---

From Clackamas: WALTER H. EVANS, Judge.

Department 2.

AFFIRMED.   REHEARING DENIED.

For appellants there was a brief and oral arguments by *Mr. Joseph E. Hedges* and *Mr. Custer E. Ross.*

For respondent there was a brief and oral argument by *Mr. Earl C. Latourette.*

BELT, J.—This suit was instituted to quiet title to a certain tract of land being a part of the Thomas Garrett and Wife Donation Land Claim in sections 34 and 35, T. 5 S., R. 1 E., W. M., in Clackamas County, Oregon.

Defendants Dicken and wife assert title to nearly eight acres of land described in the complaint. Hatler is made a defendant by reason of a mortgage

---

5.  See 1 R. C. L. 733.

on the premises which he and his wife conveyed to Dicken. The issues may be best presented by reference to the following plat:

NKJB    Claimed by plaintiff under deed.
HG      Northern boundary claimed by defendants.
IJ      Old brush fence. Defendants' northern boundary as claimed by plaintiff.
KIJ     Claimed by plaintiff under adverse possession.
NO      Oregon City & Silverton Market Road No. 5.
KJ      Gribble Prairie & Nolan Mill Road.
EF      Theoretical division line.

The letters N. K. J. B. represent a 16-acre tract of land claimed by plaintiff under a deed executed in 1877 by Thomas Garrett and his wife to Lyman Everett. The line H. G. represents the northern boundary of the land claimed by defendants. The line I. J. is the southern boundary of the land to which plain-

tiff asserts title and is often referred to by witnesses
as the old brush fence line.   The tract in dispute may
therefore be described by the lines L. I. J. G.   Plain-
tiff claims title by adverse possession to that part of
the property described in the complaint shown on the
above plat by the lines K. I. J.   Neither party has
a record title to that narrow strip of land 1.15 chains
wide represented by the lines L. M. P. Q.   Defend-
ants assert title to that portion of the property de-
scribed in the complaint which is represented by lines
M. I. J. F. under and by virtue of a deed executed in
1903 by Thomas Garrett and his wife to Eliza
Ellen Garrett, which purported to convey the north
eighteen acres of the south one half of the D. L. C.
of Thomas Garrett and wife.   It will be observed
that this deed includes a portion of the land hereto-
fore conveyed to Lyman Everett in 1877.   The heavy
line marked N. O. represents what is referred to in
the record as the Oregon City & Silverton Market
Road No. 5.   The other heavy line K. J. may be con-
sidered the Gribble Prairie & Nolan Mill Road.   This
last road was never fenced and by order of the
County Court in recent years was vacated.   Line
E. F. represents the theoretical division line of the
Donation Land Claim which was ascertained by com-
putation of the area in the claim.   The line B. C. is
the 1/16 section line, being the east boundary of the
property described in the complaint.

1. Defendants contend that the description in the
deed to Lyman Everett, which is the same in all later
conveyances, is so uncertain and indefinite that it is
void.   The land is thus described:

"Begin 8 rds. S. of N. W. cor. of N. E. 1–4 of N. W.
1–4 of Sec. 35, to County Road, or territorial road,
thence along said road 56 rds. to junction of Gribble

Prairie and Nolan Mill Road; thence along said road as now established to the crossing of the line running S. on the W. side of the S. E. 1–4 of N. W. 1–4 Sec. 35, thence N. along said line to beginning in T. 5 S. R. 1, E. Clackamas Co., Oregon, containing 16 acres, more or less."

The first call in the above description is erroneous, as the county road therein referred to is eighty rods south of the NW. corner of the NE. one fourth of the NW. one fourth of section 35. It is evident that the grantor in this deed intended to convey the triangular 16-acre tract of land bounded on the north by the old territorial road leading from Oregon City to Silverton, on the south and west by the Gribble Prairie and Nolan Mill Road and on the east by the 1/16 section line in section 35. It is clear that the initial point in the above description is at a point in the old territorial road intersected by the section line which is the eastern boundary of the land in dispute.

2. The authorities are agreed that, where the intention of the parties can readily be ascertained by consideration of the entire instrument, in order to give effect to such intention, a call in a description may be rejected or that which has been inadvertently omitted may be supplied: *Thompson* v. *De Snyder*, 14 N. M. 403 (94 Pac. 1014); *Johnson* v. *Williams*, 51 N. Y. St. 805 (22 N. Y. Supp. 247); *Ray* v. *Pease*, 95 Ga. 153 (22 S. E. 190); Thompson on Real Property, § 3081. As stated in *Cornett* v. *Creech et al.*, 30 Ky. Law Rep. 1265 (100 S. W. 1188):

"When it is apparent that a call from a deed has been omitted, or is set down erroneously, the court will read into the deed the omitted call, or correct the erroneous one so that effect may be given to the intention of the parties and the result intended by them be accomplished."

3. Furthermore, an artificial monument of this character will prevail over distances, especially when it is manifest that an erroneous call in the deed has been made: 4 R. C. L. 101. Having given force and effect to this deed executed in 1877, it follows that defendants have no interest nor title to the 16-acre tract of land purchased by the plaintiff from John Comer in 1905 and which is east of the Gribble Prairie and Nolan Mill Road.

4, 5. We next consider the question: Has plaintiff acquired title by adverse possession to the remaining part of the land in dispute? This is a question of fact, the determination of which hinges upon what the parties considered and treated as the division line between their respective properties. The law relative to the essential elements of title by adverse possession has been stated by this court many times and we see no need to reiterate. It is not the purpose of this opinion to give a detailed recital of the evidence to substantiate the conclusion reached as to whether plaintiff has occupied the land in controversy adversely and under claim of ownership for the statutory period. A brief summary will suffice.

Plaintiff for some time has been engaged in buying and selling stock and for twelve or thirteen years last past has continuously run between 100 and 125 head of stock on the land in controversy. We are convinced that the parties recognized what is referred to in the record as the old brush fence—represented by line IJ on the plat—as the true division line of the properties. This is the only fence which has ever marked the north boundary of defendant Dicken's property. It was built, acording to one witness, in 1880. No controversy ever arose concerning the

boundary line in question until the survey was made in very recent years. Whenever any of plaintiff's stock broke through the old brush fence and went on the property of defendants, upon being so notified he would remove them and repair the fence. Defendants had stock also, but they did not pasture them north of the old brush fence nor did they claim the right so to do. There is evidence that plaintiff also exercised domain and ownership over the property in question by slashing three or four acres of brush.

After a careful consideration and study of the entire record, we are of opinion the decree of the trial court that plaintiff is the owner in fee of the property described in the complaint is supported by a preponderance of the evidence. It is, therefore, affirmed. Each party will pay his costs and disbursements in this and in the lower court.

AFFIRMED. REHEARING DENIED.

BURNETT, C. J., and BROWN and COSHOW, JJ., concur.