BAILES, Judge.
Plaintiffs bring this petitory action against defendant seeking to be declared the owners of a tract of land situated in Section 54, Township 4 South, Range 3 East, and Sections 53 and 5, Township 5 South, Range 3 East, Greensburg Land District, East Baton Rouge Parish, Louisiana, containing 54.2 acres and forming one contiguous tract. The trial court rendered judgment in favor of the plaintiffs and against the defendants (the original defendant, Walker Y. Ronaldson died subsequent to the filing of the answer, and his surviving widow and two children were substituted as party defendants) on its finding that neither party was in possession of the property and that the plaintiffs proved a better title thereto than did the defendants. From this adverse judgment, defendants appealed. For the reasons herein assigned, we affirm the judgment of the district court.
Plaintiffs allege that they are not in possession of the property. This, of course, is a pre-requisite for them to be able to bring a petitory action. Plaintiffs also allege that defendants are not in possession. The question of the possession of the defendants is important for the reason that if defendants are in possession of the property, the plaintiff is required, under the provisions of LSA-C.C.P. Article 3653, to make out his title to the property in order to prevail over the defendants. If neither plaintiff nor defendant is in possession, the plaintiff must prove a better title thereto than the defendant in order to be successful in his action.
Considering the question of possession first, we find the trial court correctly found that the defendants were not in possession of the subject property. LSA-C.C.P. Article 3660, must be our guide in evaluating the proof of possession of the defendants. This article provides:
“A person is in possession of immovable property or of a real right, within the intendment of the articles of this Chapter, when he has the corporeal possession thereof, or civil possession thereof preceded by corporeal possession by him or his ancestors in title, and possesses for himself, whether in good or bad faith, or even as a usurper.
“ Hi * * H= * * »
The record is barren of any evidence whatever which even remotely shows that the defendants, or their ancestors in title, were ever in corporeal possession of the subject property. The proof is convincing, though, that Mrs. Hattie Viers, ancestor in title of plaintiffs, actually lived on this property from 1919 until sometime during the 1940s. There is testimony of a former employee of defendants ancestor in title, Ronaldson & Puckett Co. Ltd., that he found Mrs. Hattie A. Viers living on this land, and that he considered it property of his employer. There was some correspondence between Mrs. Hattie A. Viers and Ronaldson & Puckett Co. Ltd., relative to the removal of her house from their property; however, she did not remove it, but continued to reside there. No action was taken by Ronaldson & Puckett Co. Ltd., to dispossess Mrs. Viers. The only other evidence of possession by defendants’ ancestor in title, shown by this record, is the granting of a mineral lease in 1949 to Texas Pacific Coal and Oil Company. We do not find corporeal possession was ever in defendants, or their ancestors in title.
Now considering the quality of the plaintiffs’ title, we find both plaintiffs and *48 defendant deraign title from, a common ancestor by the name of John B. Powers. The record shows that a patent was issued by the United States to one John Trimmell covering all the land involved herein except for that portion located in Section 5, above described. There is no showing that title thereto was ever severed from the domain; however, that is of no consequence under our holding herein. Neither does the record reflect how the property came down from John Trimmell to John B. Powers.
As shown by the abstract of title filed herein to show the plaintiff’s chain of title, on May 9, 1874, the widow and heirs of John B. Powers conveyed to Lawson D. Powers the following described property, to-wit:
“91.60 acres taken off the west end of Section 54 in T. 4 S. R 3 E., 38.95 acres from the North End of Sec. 53 in T. 5 S. R. 3 E. Said Section known as the Trimmell Tract and 29.45 acres taken from the North West corner of Section 5 in T. 5 S. R. 3 E. Greensburg Dist. Total area of Tract equals 160 acres, bounded on the North by John Lee and Solomon Montgomery, on the East by Jake Kinchen & E. J. Stillman, on the south by the Est. of John B. Powers, on the west by J. W. Kendrick & John Lee, the same being a part of the property of the late John B. Powers and now voluntarily alienated, transferred and delivered unto the said Lawson D. Powers and his heirs forever, it being the request of the late John B. Powers.”
On November 19, 1880, by an act of exchange, Lawson D. Powers conveyed this same property to Elias M. Powers; however, it was described as a tract of land about 24 miles from the City of Baton Rouge near the Amite River containing 160 acres bounded on the north by John Lee and E. A. Stillman, east by Stillman and William Archie, west by Lee and John W. Kendrick and south by lands formerly owned by Mrs. Charlotte Powers.
In a partition of property between the heirs of Elias M. Powers, the abstract shows that Zula M. Powers received the 160 acres of land, less 25 acres off the northern portion, the 25 acres being received by Delia Powers Lamkin. This partition deed by which Zula M. Powers received this property was recorded in Book 53, at folio 445 of the conveyance records of East Baton Rouge Parish.
In 1916 Miss Hattie A. Viers acquired from Mrs. Zula M. Powers title to the subject property by the following description: “A certain tract or parcel of land situated in the Fifth Ward of the Parish of East Baton Rouge, containing one hundred thirty-five acres, and being a portion of the tract of land of 160 acres appearing on the official map of this Parish in the name of E. M. Powers, and bounded North by a portion of said tract; East by lands of J. Stillman and Wm. Archie; South by property of J. Simpson and Mrs. A. Williams, and West by property of J. W- Kendrick’s Succession, as shown on said map. Being the same property acquired by the present vendor by act of record in Book 53, folio 445 of the Conveyance Records of this Parish.”
While the record before us reflects that Miss Hattie A. Viers made certain sales from the original 135 acre tract as originally constituted, and the plaintiffs from the lesser acreage acquired by them, there appears to us no compelling reason to discuss these sales for the reason that this lawsuit involved title to only that which remains of the original tract.
In view of the defense raised by defendants to the claim asserted herein by the plaintiffs, we believe it necessary to set forth in full the description by which plaintiffs acquired the subject property. The description follows:
“A certain tract or parcel of ground, together with all the buildings and improvements thereon, and with all oí the rights, ways, and privileges thereunto appertaining, situated in the Parish of East Baton Rouge, Louisiana, in what was formerly the Fifth Ward of the *49 Parish of East Baton Rouge, being situated in the WEST END OF SECTION FIFTY - FOUR (54), TOWNSHIP FOUR (4) SOUTH, RANGE THREE (3) EAST, SECTION FIFTY-THREE (53) in TOWNSHIP FIVE (5) SOUTH, RANGE THREE (3) EAST, and the NORTHWEST CORNER OF SECTION FIVE (5), TOWNSHIP FIVE (5) SOUTH, RANGE THREE (3) EAST, and being a portion of an original one hundred sixty (160) acre tract, said tract herein conveyed containing one hundred thirty-five (135) acres, more or less, the said land herein conveyed being taken from a one hundred sixty (160) acre tract of a portion of the E, M. Powers tract, and shown on the Kizer and Swensson map of 1895, as being bounded north by the remainder of the one hundred sixty (160) acre tract, east by Stillman and Archer, south by Simpson and Williams, and west by the Succession of Kendrick, being the same property acquired by the present vendor from Mrs. Zula P. Williams, born Powers, by an act of cash sale passed before Albert Ligón, on March 27, 1916, which said act of cash sale was duly recorded as Original 25, Bundle 195, Conveyance Book 59, Folio 324, of the Official Conveyance Records of the Parish of East Baton Rouge, Louisiana; and being a portion of the same property acquired by the said Zula P. Williams by an act of partition passed before J. L. Cravens, Clerk and Ex Officio Notary Public for the Parish of East Feliciana, Louisiana, in June, 1913, and which said act of partition was duly filed of record as Original 58, Bundle 170, Conveyance Book 53, Folio 445, of the Official Conveyance Records of the Parish of East Baton Rouge, Louisiana; being a portion of the property acquired by the Powers heirs by an act of sale, which appears of record as Original 111, Bundle 155, Conveyance Book 50, Folio 420, and by inheritance from the Succession of E. M. Powers; and being a portion of the same property acquired by the said E. M. Powers by an act of exchange between the said E. M. Powers and Lawson D. Powers passed before John Jastremski, Deputy Clerk and Ex Officio Notary Public for the Parish of East Baton Rouge, Louisiana, on the 19th day of November 1880, which said act of exchange was duly recorded as Original 168, Bundle 13, Conveyance Book 5, Folio 415, of the Official Conveyance Records of the Parish of East Baton Rouge, Louisiana, and being a portion of the same tract of land acquired by the said Lawson D. Powers by an act of sale from Charlotte Powers, the widow of John B. Powers, Elias M. Powers, Miranda S. Lovett, Minerva E. Morgan, Elizabeth A. Powers, Beverly T. Reams, the heirs of John B. Powers, deceased, which said act of sale was duly recorded in Conveyance Book 2, Folio 416, of the Official Conveyance Records of the Parish of East Baton Rouge, Louisiana, the said act of sale having been passed before Alexander Smith, Recorder and Ex Officio Notary Public, on May 9, 1874.
LESS AND EXCEPT:
“A fifteen (15) acre tract taken from the southeast corner of the above described tract of land, sold to Nellie Viers Sibley by an act of cash sale on June 6, 1931, which said act of sale was duly recorded as Original 26, Bundle 833, Conveyance Book 259, Folio 67, of the Official Conveyance Records of the Parish of East Baton Rouge, Louisiana.”
For clarity, we believe it necessary for us to discuss what the defendants refer to as the “official” map of East Baton Rouge Parish known as the Kaiser and Swensson map of 1895. Repeatedly in their brief, the defendants designated this map as the official map of the Parish; however, the record is devoid of any proof whatever as to how or in what manner this map was raised to officialdom. We do not have the whole map before us; however, from our inspection and observation of that portion contained in this record, it appears to be *50 nothing more elaborate or informative than a map with apparently sectional lines drawn thereon with names and acreage designated thereon, or what might be commonly referred to as an ownership map. Our inspection fails to disclose any distances or sur- ' veyor calls for any tract of land shown. It is a map from which no property shown thereon could be surveyed.
Also, explanation is in order of the location of the various sections with which we are concerned herein. The township line divides the subject property. Section 31, Township 4 South, Range 3 East is a regularly constituted section with the exception that the western most portion of irregular section 54 occupies slightly more than the equivalent of what would be the southeast quarter of the southeast quarter. Section 32, which lies adjacent to and east of Section 31, and is regular in size and shape, except also a portion of Section 54 occupies a portion thereof and that which ordinarily would be designated as the south half of the southwest quarter, the south half of the northeast quarter and the whole of the southeast quarter. This Section 54 also occupies a portion of what ordinarily would be Section 33; however we are not concerned at all with this remaining portion of Section 54. Immediately south of and contiguous to Section 31, Township 4 South, Range 3 East, and in Township 5 South, Range 3 East, we find irregular Section 53. This irregular Section 53 is south of and contiguous to what would ordinarily be the southeast quarter of the southeast quarter and the southeast quarter of the southwest quarter of Section 31, Township 4 South, Range 3 East; however, the land immediately north of and contiguous to this section 53 is a portion of section 54. Immediately east of Section 53 and contiguous thereto is irregular Section 5, Township 5 South, Range 3 East.
The land, title to which is claimed by the defendants, is located in Section 54, Township 4 South, Range 3 East, and lies in what would be the southwest quarter of the southwest quarter of Section 32 and is located contiguous to and immediately north of the northwest corner of Section 5, Township 5 South, Range 3 East.
The Kaiser and Swensson map of 1895 designates the owner of irregular Section 53, Township 5 South, Range 3 East and the western most portion of irregular section 54, Township 4 South, Range 3 East, contiguous thereto as “E. M. Powers 160 Acs.”, and that land claimed by the defendants in irregular section 54, Township 4 South, Range 3 East is designated as owned by “Mrs. A. Williams 40 Acs.”
It is the contention of the defendants that inasmuch as the Kaiser and Swensson map of 1895 is referred to in the description by which plaintiffs acquired their property, they are bound by the designation of that map and cannot claim ownership of any property other than or outside of the tract designated as the “E. M. Powers 160 Acs.”
We are convinced, insofar as the claims of the parties of this litigation oppose each other, that the property designated in the deed from the widow and heirs of John B. Powers to Lawson D. Powers, and described therein, is the same property acquired by Hattie A. Viers from Zula M. Powers and conveyed by Hattie A. Viers to the plaintiffs, less those tracts which had been previously sold off.
The question for our determination specifically is whether the plaintiffs are bound, in the assertion of their claim, to the land designated as the E. M. Powers tract on the Kaiser and Swensson Map of 1895 or whether they can claim the land described in the deed from Charlotte Powers, et al to Lawson D. Powers, less that portion sold off. It must be remembered, that insofar as this record reflects, none of the parties to any of the mesne conveyances between 1874 and 1949 had any connection with the preparation of the Kaiser and Swensson map. We do not believe it was the intention of the parties to be bound by their reference to this map to the extent of delimiting or constricting the purchase thereby.
*51 The general rule prevailing in this state is that where there are differences between the word description of the property conveyed and the description shown on a plat of survey, the plat of survey will control and govern the conveyance. See Gauthier v. Lovas (La.App.1948) 35 So.2d 874, and Burt v. Valois (1962) 144 So.2d 196.
The general rule has no application to this case for the reasons that the plat was not attached to the deed, that the map or plat was not prepared as a survey of the property in question, and that it possessed none of the dignity or attributes or indicia of accuracy generally identified or associated with a survey of property.
Further, the trial judge added discredit to this map in stating that “It is a matter of common knowledge that this map contains errors * *
We will now examine the defendants’ chain of title. The abstract of title of property claims by the defendants shows that in 1882 Walter C. Browning bought at a tax sale in the name of the heirs of John B. Powers, 170 acres of land bounded north by S. Montgomery, south by Stillman, west by L. D. Powers. The next transaction was a sale by the heirs of Walter C. Browning to Ronaldson and Puckett Co. Ltd., of an undivided one-half Q/2) interest in forty acres of land, said land being bounded north by public road; on the south and east by lands of John Sommers; and on the west by lands of Powers. This vendee also acquired the other one-half interest in the described property at an administrator’s sale in the Succession of Mrs. Elizabeth Amelia Powers Williams. The decedent was the widow of Walter C. Browning. These purchases by Ronaldson and Puckett Co. Ltd. were made in 1928. In 1949 defendants’ ancestor in title, Walker Y. Ronaldson, by act of liquidation of the corporation of Ronaldson and Puckett Co. Ltd., and a partition of its assets, acquired title to “40.00 acres — bounded north by Public Road, south and east by John Summers, west by Powers. The Mrs. Browning or Mrs. A. Williams Tract.”
A comparison of the two titles of the subject property, clearly shows that the plaintiffs’ is superior. It would be impossible to locate the property described in defendants’ title. There is no indication of the township, range, or section, nor is there anything more definite anywhere contained in the record to designate the location of the property. On the other hand, an examination of the chain of title of plaintiffs’ property, while it can be said that much is desired to establish a perfect title, clearly demonstrates that the property can be located, it is definitely demonstrated to be the same property described in the deed of 1874. The Surveyor, Mr. Joseph I. Tumey, testified that he made his survey from the description contained in the 1874 deed.
Accordingly, we conclude that the plaintiff has satisfied the requirement of LSA-C.C.P. Article 3653, which says:
“To obtain a judgment recognizing his ownership of the immovable property or real right, the plaintiff in the petitory action shall:

“Prove a better title thereto than the defendant, if the court finds that the latter is not in possession thereof.”
We find, as did the trial court, that the defendant was not in possession of the property, and further that the plaintiff has proved a better title thereto than the defendant.
The judgment of the trial court is affirmed, at appellants’ cost.
Affirmed.